## CURRAN vs. FLEMING et al.

Where money has been raised by virtue of a garnishment, and is in the hands of a justice of the peace, and the money is due the debtor for his weekly and monthly wages as a laborer, he may claim it by bringing a rule against the justice; and it is not error for the court to award the money to the debtor. The proceeding between the creditor and the garnishee is not *res adjudicata* so as to bind the debtor, but as to him is *res inter alios acta.* 71 *Ga.*, 748.

(a.) While the proceedings between the debtor and the justice of the peace may have been irregular, yet where no question as to such irregularity was raised in the court below by the officer ruled, the creditor cannot be heard to insist on it in this court.

Judgment affirmed.

December 15, 1885.

BLANDFORD, Justice.

[Curran sued Fleming in a justice's court and garnished the East Tennessee, Virginia and Georgia Railroad. The garnishee answered that it was indebted to Curran $46 for daily wages as a brakeman. A judgment was rendered in the main case against the defendant, and on the garnishment a judgment was rendered in favor of the plaintiff against the garnishee for $35.35, which was the amount of principal, interest and costs in the main case. The money was paid to the justice, but before it was disposed of by him, he went out of office, and his successor was sworn in, leaving the fund in his hands. Fleming brought a rule against him in the superior court, claiming the money as his wages as a laborer.

The respondent answered, showing substantially the facts stated above as to the garnishment, judgment, retiring from office, etc., and setting out that $4.20 of the amount of the judgment was for his costs. It was admitted that the money was the proceeds of the daily, weekly or monthly wages of Fleming as a laborer.

The presiding judge ordered that the fund be paid to

the movant, less the cost of the rule. Curran excepted, alleging error because the question was *res adjudicata ;* because no written claim was filed to the fund in the justice's court (but the case was heard in the superior court on oral motion, without objection, on the rule and answer, the answer of the garnishee and other evidence, it being conceded that the movant was a laborer, and that the money in dispute was his daily, weekly and monthly wages); because the judgment of the justice's court stands in favor of the plaintiff against the garnishee; because the judgment awarding the fund was contrary to law and evidence; and because the defendant waived his privilege of claiming his exemption by not setting it up in the justice's court.]