## MALCOLM *v.* DOBBS, and *vice versa.*

1. It is well settled that the first grant of a new trial will not be disturbed, when the evidence did not demand the verdict rendered by the jury.
2. An assignment of error in a bill of exceptions, which is not referred to in the brief of counsel for the plaintiff in error therein, will be treated as having been abandoned.

3. Where there is sufficient evidence to authorize a verdict in favor of the plaintiff, there is no error in refusing to grant a nonsuit, nor in refusing to direct a verdict for the defendant.

4. Where in an action of trover the plea of the defendant amounts simply to the general issue, it is error to allow the plaintiff to amend the petition by alleging, that after defendant took possession of the property he expended a considerable sum thereon in repairing and improving it, which amount plaintiff "has always been willing to pay defendant," and "stands ready to tender into court," upon proof of the same by defendant; and by praying "that the jury be required to pass upon the question as to the amount" so expended by the defendant. It is likewise error to allow the plaintiff to amend the petition by stating that he "tenders in court to defendant" a designated amount of money, as "being in excess of the sum expended by defendant in overhauling and repairing the" property, and by offering "to deposit the same in the registry of the court."

Submitted July 18, 1906.— Decided February 27, 1907.

Trover. Before Judge Gober. Cobb superior court. January 11, 1906.

Mrs. Carrie Malcolm brought an action of trover against H. C. Dobbs, for the recovery of a described mahogany sideboard. The suit was brought to the November term, 1904, of the superior court of Cobb county, and was tried at the November term, 1905. At the appearance term the defendant filed a demurrer to the petition. Subject to this, his defense to the action was a general denial of the allegations of the petition, and title in himself by "open, notorious, uninterrupted, and peaceable possession" of the property, "under a bona fide claim of right, for more than four years before the institution of this suit." At the term at which the case was tried, the plaintiff offered an amendment to the petition, wherein she alleged, that after defendant took possession of the sideboard "he had it overhauled and polished," and "had a considerable amount of work done on it; . . . that the cost of said work amounted to about sixty-five dollars, including freight;" that she had "always been willing to pay defendant the amount of cost and expense he had [incurred] in the overhauling of said sideboard," and was still willing to do so; that she stood "ready to tender into court any legitimate sum that defendant [could] show that he had expended in overhauling said sideboard and any expense connected therewith." She prayed, in this amendment, "that the jury be required to pass upon the question as to the amount of the expenses defendant [incurred] in the overhauling of said sideboard." The defendant objected to the allowance of this amend-

ment, the objection being offered in the form of a written demurrer thereto, upon the ground that the suit was in trover and involved only the question of title, and the matters set up in the amendment were irrelevant, and upon the further ground that the amendment sought to set up an offer of compromise. These objections were overruled and the amendment allowed. Subsequently the plaintiff, over the objection of the defendant, was allowed to still further amend her petition, as follows: "Plaintiff comes and tenders in court to defendant the sum of $75, this amount being in excess of the sum expended by defendant in overhauling and repairing the sideboard sued for, including freight and drayage; plaintiff makes this a bona fide continuing tender and offer to deposit the same in the registry of the court." After the petition had been thus amended, the court passed upon the demurrer to the original petition and overruled it. The defendant filed exceptions pendente lite to this ruling, and also to the allowance of the first amendment. At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit, which was refused, and, upon the conclusion of the whole evidence, moved for the direction of a verdict in his favor, which motion was also denied. The verdict of the jury was as follows: "We, the jury, find for the plaintiff, by her paying one hundred dollars." Defendant made a motion for a new trial, which was granted. Plaintiff sued out a bill of exceptions, complaining of this ruling; whereupon defendant filed a cross-bill, wherein he assigned error upon each of his exceptions pendente lite, upon the allowance of the last-mentioned amendment, upon the refusal of a nonsuit, and upon the overruling of the motion to direct a verdict in his favor.

N. A. Morris, for plaintiff.

J. Z. Foster and Griffin & Attaway, for defendant.

COBB, P. J. (After stating the facts.)

1. As the main bill complains of the first grant of a new trial, we have carefully examined the evidence contained in the record, to see whether it demanded the verdict in the plaintiff's favor. In our opinion, whatever else may be said of the verdict, it was not demanded by the evidence. Consequently, the case, on the main bill, falls within the well-established rule that this court will not disturb the first grant of a new trial, when the evidence did not demand the verdict rendered by the jury.

2. When we come to the cross-bill it is unnecessary to consider the question as to overruling of the demurrer, as the assignment of error upon this ruling is not referred to in the brief of counsel for plaintiff in error, and is, therefore, to be treated as having been abandoned.

3. While the evidence as a whole did not demand a verdict in favor of the plaintiff, there was ample evidence to authorize such a verdict; so there was no error in refusing to grant a nonsuit, and, for the same reason, no error in refusing to direct a verdict in favor of the defendant.

4. The court erred in allowing the amendments to the plaintiff's petition. The only question involved in a trover case, wherein the defendant's plea amounts to no more than the general issue, is one of title, unless the plaintiff elects to take a money verdict, in which event the question of value is also involved therein. In the present case the plaintiff sought to recover the property itself, and the defendant set up no claim against the plaintiff for repairs or improvements placed thereon, or otherwise, but he simply claimed that the property sued for belonged absolutely to him, and not to the plaintiff. He was entitled to have the case tried upon the issue of title alone, and to be protected against the possible effect upon the jury of the apparent gratuitous generosity of the plaintiff, in offering to pay him for repairs and improvements placed by him upon property which she claimed belonged to her, but which he claimed belonged to him. If the sideboard really belonged to the plaintiff, she was entitled to recover it, without reimbursing the defendant for money which he had, without any authority from her whatever, expended in improving it. If it did not belong to her, she was not entitled to recover it, whether she paid him for such expenditure or not. If the property was hers, the defendant could claim nothing for having repaired and improved it without her consent; so the amendments to the petition which she offered, and which the court allowed, were wholly unnecessary as pleading in her case. They cured no defect in her petition, answered no claim of the defendant, and were, therefore, wholly irrelevant. The amendments amounted to an offer by the plaintiff to submit to a conditional recovery—and this the jury gave her—when no such offer was necessary, or even suggested by anything in the pleading of the defendant. Such an offer was as

improper as it was unnecessary, and its allowance by the court projected into the case an issue which had no legal standing therein. Though the plaintiff may have been prompted solely by a sense of fairness to make it, its tendency was to help her cause in the estimation of the jury, at the expense of that of the defendant. However commendable such an offer might have been if made in private, it was, when made in open court, without the consent of the defendant, and in aid of the plaintiff's contention for a recovery of the property, and submitted to the jury as a relevant circumstance to be considered by them in arriving at a verdict, wholly out of place and contrary to that rule, both of pleading and evidence, which excludes irrelevant matter from their consideration. There are times in litigation when a party needs to be protected against the gratuitous generosity of his adversary, and this was one of them. Besides, reduced to its last analysis, it was in the nature of an offer to compromise a disputed claim, which is no more admissible in pleading than in evidence. Without thus amending her petition, the plaintiff could not, over the objection of the defendant, have proved that she had offered to pay him the amount which he had expended in repairing and improving the property, if he would deliver the same to her. Civil Code, § 5194; *Mayor of Montezuma* v. *Minor,* 73 *Ga.* 484 (3). She had no more right to make such a proposition in the presence of the jury, in her pleadings, than she had to prove that she had made it to the defendant out of court.

For these reasons, the rulings of the court in allowing the amendments to the petition are reversed.

*Judgment, on main bill of exceptions, affirmed; on cross-bill, reversed. All the Justices concur except Fish, C. J., absent.*