ARGUED SEPTEMBER 13, 1960—DECIDED OCTOBER 6, 1960.

*Jack D. Evans,* for plaintiff in error.
*Stevens & Stevens,* contra.

21030. WILLIAMS v. THE STATE.

CANDLER, Justice. No errors of law being complained of and
the verdict being amply supported by the evidence, the trial
judge did not err as contended in denying the motion for new
trial. .

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960.

*H. G. Rawls,* for plaintiff in error.
*Joe M. Ray, Solicitor-General, Peter Zack Geer, Eugene Cook,
Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

21041. KINNEY v. YOUNGBLOOD.

Argued September 13, 1960—Decided October 6, 1960.

*H. Dale Thompson*, for plaintiff in error.
*W. George Thomas*, contra.

Head, Presiding Justice. ■ While a contract involving any interest in land must be in writing to bind the parties (*Code* § 20-401 (4)), this provision does not extend to cases where

"there has been such part performance of the contract as would render it a fraud of the party refusing to comply, if the court did not compel a performance." *Code* § 20-402 (3).

The terms of the oral contract between the parties were alleged with sufficient clarity and definiteness. The contract alleged is fair, just, and equitable, since the petitioner agreed to assume the entire indebtedness, principal and interest, and on such payment, the defendant was obligated to surrender the note and deed to secure debt. The defendant had accepted payment on four of the notes, and had transferred them to the petitioner. Nothing remained to be done under the contract except for the defendant to accept the final payment and transfer the note and deed. His refusal to perform these obligations, after the unconditional tender of the remainder due him, evidenced fraudulent conduct on his part. The trial judge did not err in overruling the general demurrer to the petition.

■ The admission in the defendant's answer of the agreement between the parties dispensed with proof of such agreement. The petitioner introduced in evidence four notes with an entry on each, signed by the defendant, transferring it to the petitioner. She introduced testimony showing that she had made an unconditional tender of the principal and interest due on the fifth note. The defendant testified that the signatures appearing on the notes introduced in evidence by the petitioner were not his signatures, and that the notes he transferred to the petitioner had notations thereon that the interest had not been paid. He introduced testimony to show that the deed and note he placed in evidence were not prepared on the same typewriter and (as to the notes) on the same note form as the notes introduced in evidence by the petitioner; and testimony that the original notes and deed were prepared at the same time by the same person.

The evidence was sufficient to authorize a verdict for the petitioner, and there is no merit in the general grounds of the motion for new trial.

■ Grounds 1, 2, and 3 of the amendment to the motion for new trial contend that the trial judge erred in making certain remarks in the presence of the jury, asserted to be expressions or

intimations of opinion in regard to the evidence. It is unnecessary to determine whether or not these statements of the judge amounted to expressions or intimations of opinion as to "what has or has not been proved." *Code* § 81-1104. The only harm that can accrue to a party by the expression of an opinion on the evidence by the trial judge is that such expression might influence the jury in their verdict. The jury in the present case could have found no other verdict than that rendered, under the direction of the judge to find for the petitioner, and any error which might have been committed by the judge in expressing an opinion on the evidence, during the progress of the trial, was harmless error.

■ Ground 4 of the amendment to the motion for new trial contends that the direction of the verdict was error "for the reason that the testimony showed that the plaintiff was indebted to the defendant in some amount for the principal and all of the interest." This ground is merely an amplification of the general ground that the verdict is contrary to the evidence, and does not raise the point that the direction of the verdict was erroneous because there were questions of fact that should have been submitted to the jury. *Gilliard v. Johnston & Miller,* 161 Ga. 17 (129 S. E. 434); *Braswell v. Federal Land Bank of Columbia,* 169 Ga. 235 (149 S. E. 785); *Ford v. Ford,* 203 Ga. 681 (47 S. E. 2d 865). As previously held, the verdict was supported by the evidence, and it was not error to overrule this ground of the motion for new trial.

■ In ground 5 it is contended that the court erred in allowing a witness to testify that the signatures appearing on the back of the notes introduced in evidence by the petitioner were the signatures of the defendant, over the objection that it was opinion testimony, and the witness had not qualified as an expert. This witness testified that she had lived in an apartment in the defendant's home for three years, and that she knew his signature when she saw it. It was not necessary that this witness qualify as an expert on handwriting to make her testimony admissible. *Code* § 38-708.

*Judgment affirmed. All the Justices concur.*