## 53406. JOHNSON v. HEIFLER.

STOLZ, Judge.

The appellee sued the appellant for the amount due on a note. Partial summary judgment as to the issue of liability on the note was ultimately granted, and the appellant appeals.

After the original pleadings were filed in the trial court, the appellant filed a motion to dismiss the action. Subsequently, on June 3, 1976, the appellee moved for summary judgment. On June 11, 1976, the appellant failed to appear at the hearing on the motions. On July 14, 1976, the appellant's motion to dismiss was denied, and the appellee's motion for summary judgment was granted.

The appellant filed a motion for reconsideration of the July 14 decision and the judge fixed September 2, 1976, as the date for a hearing on the matter. On October 15, 1976, the trial judge granted the appellant's motion to reconsider, vacated the July 14 order, and, after correcting an error in the former summary judgment, entered a new summary judgment in the appellee's favor.

1. Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759) requires that a motion for summary judgment be served at least thirty days before the time fixed for the hearing. The appellant contends that the thirty-day requirement was not met in the case sub judice.

The appellant, however, did not object to lack of proper notice until he appealed his case to this court. Even when he appeared before the trial court to argue his motion for reconsideration, the appellant made no mention of untimely service of the appellee's motion for

summary judgment.

The general rule is that one is limited on appeal to objections raised in the trial court; objections can not be raised for the first time before an appellate court. *Curran v. Fleming,* 76 Ga. 98 (1885); *Robertson v. Ga. Power Co.,* 128 Ga. App. 740 (197 SE2d 924) (1973); *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479 (191 SE2d 298) (1972); *H. W. Ivey Const. Co. v. Transamerica Ins. Co.,* 119 Ga. App. 794 (2) (168 SE2d 855) (1969). Therefore, the party opposing a motion for summary judgment based on lack of legal notice must object to untimely service or the defect will be deemed waived. See Spence v. Latting, 512 F2d 93 (2) (10th Cir. 1975); Feng Yeat Chow v. Shaughnessy, 151 FSupp. 23, 25, n.2 (S.D.N.Y. 1957); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2719, p. 451.

2. The appellant also alleges that the trial court erred in never setting a date for a hearing on the appellee's motion for summary judgment. Again, however, the appellant failed to object until he reached this court. Therefore, for the same reasons set out in Division 1, above, the defect is deemed waived.

Furthermore, the appellant's argument in support of his motion for reconsideration of the initial summary judgment amounted to an argument on the merits in opposition to the appellee's motion for summary judgment. Therefore, he was not harmed by the lack of a hearing.

3. The appellant contends that the trial judge erred in his summary judgment order due to a finding therein that the appellant had failed to set forth an affirmative defense in his pleadings. Although this finding was erroneous, it constituted harmless error. The trial court correctly ruled, and the note shows on its face, that it was executed under seal. The note further shows on its face that it was executed and due in 1966. Code § 3-703 allows suit on an instrument under seal to be brought within twenty years after accrual of the right of action. Thus, there is patently no merit to the appellant's affirmative defense of the statute of limitation.

4. The appellant claims that the grant of summary judgment was erroneous because a genuine issue of

material fact existed as to whether or not he defaulted on the note in question. This contention is meritless, however.

In his answer to the appellee's complaint, the appellant admitted jurisdiction and execution, and generally denied default on the note. The only affirmative defense pleaded was that of the statute of limitation, which is patently meritless. A person sued on a note is required to plead and establish an affirmative defense to notes admittedly executed. *Freezamatic Corp. v. Brigadier Industries,* 125 Ga. App. 767 (189 SE2d 108) (1972). Because the appellant was unable to establish his statute of limitation defense, the requirement was not met and no genuine issue of fact exists. *Malone v. Price,* 138 Ga. App. 514 (1) (226 SE2d 623) (1976).

5. The appellant argues that cases such as those cited in Division 4, above, may not be applied in the case sub judice because his execution of the note was denied. Paragraph 2 of the appellee's complaint alleged that "the defendant . . . executed and delivered" the note. Paragraph 3 of the complaint alleged, "The defendant has defaulted on the payment of said promissory note and owes to the plaintiff (a sum of money)." The appellant admitted paragraph 2 and denied paragraph 3.

The appellant now claims that his general denial of paragraph 3 of the complaint constitutes an implied denial of paragraph 2, because the phrase "said promissory note" in paragraph 3 incorporates paragraph 2 as part of paragraph 3. This argument is convoluted, illogical, and without merit.

6. Although in Divisions 3, 4 and 5, above, we affirmed the trial court as regards the merits of the appellant's argument, we feel constrained to indicate an action by the appellant which we will not tolerate in the future.

On November 22, 1976, the instant case was docketed in this court. The clerk of court notified the appellant that, pursuant to Rule 16 of the court, Code Ann. § 24-3616, his brief would be due on Monday, December 13, 1976. On the last business day before the appellant's deadline, he filed a brief, arguing only the enumeration of error which we discussed in Divisions 1

and 2, above. Oral argument was set for February 3, 1977, and, one week before the case was scheduled for argument, the appellant filed a brief arguing his remaining enumerations of error, which we have discussed in Divisions 3, 4 and 5, above.

Because the brief filed by the appellant before his December deadline failed to discuss several enumerations of error, it was totally inadequate as a device to enlighten this court as to the issues involved in those enumerations or to provide a foundation upon which the appellee could form an argument in rebuttal. It has been uniformly held that enumerations of error not argued are deemed abandoned. *Ezzard v. State,* 229 Ga. 465 (1) (192 SE2d 374) (1972); *Boyd v. State,* 133 Ga. App. 431 (1) (211 SE2d 387) (1974).

Court of Appeals Rule 16 (a), Code Ann. § 24-3616 (a), requires that "[t]he brief for the appellant . . . must be filed with the clerk within 20 days after the appeal is docketed in this court . . ." Rule 18 (c) (2), Code Ann. § 24-3618 (c)(2) says, "Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned." The word "argument" in Rule 18 (c) (2), supra, does not deal with oral argument but with written argument in the appellant's brief, as is evidenced by the placement of this subsection in a major division of the court rules dealing with briefs, and by the contextual use of the word "argument" in the immediately preceding subsection of Rule 18 (c) in a manner clearly referring to argument within a brief.

Construing these rules together, it is apparent that the appellant is required in its *initial* brief to file an argument which supports any enumerations of error which it does not desire to waive. While this court is anxious to have supplemental briefs when they help to illuminate a difficult issue, there must be something present in the appellant's original brief which can be supplemented.

To hold otherwise would place an unfair burden on appellees, and delay and frustrate the judicial process. A contrary holding would encourage attorneys, whether seeking a procedural advantage over their opponents or simply pressed for time, to file a "protective brief" within

the twenty-day period specified in the rules and then, at their leisure in the period preceding oral argument, to prepare presentation which their opponents will be unprepared to rebut.

The rules of this court provide for extensions of time for filing briefs in meritorious instances. Rule 16 (a), supra. If an extension is necessary, one should be requested rather than proceeding in the manner evidenced in the case sub judice. It appears to us that the appellant attempted to circumvent the rules of this court by filing an untimely brief dealing with enumerations of error discussed in Divisions 3, 4, and 5, above. In the future, enumerations of error so handled shall be considered waived.

*Judgment affirmed. Shulman, J., concurs. Quillian, P. J., concurs in the judgment only.*

ARGUED FEBRUARY 3, 1977 — DECIDED FEBRUARY 28, 1977.

*J. L. Jordan,* for appellant.
*Mary Walton Whiteman,* for appellee.