### 56324. BELGER v. EXCHANGE BANK et al.

SMITH, Judge.

Appellant has failed to point out any error committed by the trial court, and we therefore affirm its grant of appellees' motion for summary judgment.

Contrary to appellant's contention, the record shows conclusively that the trial court, in ruling on the motion for summary judgment, did consider all the depositions on file. Also, appellant's contrary allegation notwithstanding, he had had ample opportunity to prepare defense to appellees' motion for summary judgment and the trial court did not abuse its discretion by denying his motion for a continuance of the hearing on the motion for summary judgment. At the time of his motion for continuance, appellant's suit had been pending for approximately five years, and the conducted discovery had resulted in a record of 1,400 pages. See *Vaughn & Co. v. Saul,* 143 Ga. App. 74 (4) (237 SE2d 622) (1977). Finally, appellant's brief is bereft of any argument on his contention that material issues of fact remain as to appellees' liability for fraud, and we therefore deem that

contention to be abandoned.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 11, 1978 — DECIDED OCTOBER 16, 1978 — REHEARING DENIED DECEMBER 1, 1978 —

*Arthur P. Tranakos, Laurin M. McSwain,* for appellant.

*Ward Whelchel, Preston & Preston, Montgomery L. Preston, Barrie L. Jones, Bennett, Pedrick & Bennett, E. Kontz Bennett, Sr., Larry E. Pedrick,* for appellees.

ON MOTION FOR REHEARING.

Appellant filed his original brief on June 28, 1978, and filed a supplemental brief on September 11, 1978, the day of oral argument. On motion for rehearing he urges that, because of argument presented in his supplemental brief and because of a statement he made to the court at oral argument, he cannot be said to have abandoned the enumeration contending that material issues of fact remained as to appellees' liability for fraud. However, appellant's original brief contained no argument concerning that enumeration, and we therefore adhere to our opinion of abandonment.

"Court of Appeals Rule 16 (a), Code Ann. § 24-3616 (a), requires that '[t]he brief for the appellant . . . must be filed with the clerk within 20 days after the appeal is docketed in this court . . .' Rule 18 (c) (2), Code Ann. § 24-3618 (c) (2) says, 'Any enumerated error which is not supported in the brief by citation of authority or argument shall be deemed to have been abandoned.' The word 'argument' in Rule 18 (c) (2), supra, does not deal with oral argument but with written argument in the appellant's brief, as is evidenced by the placement of this subsection in a major division of the court rules dealing with briefs, and by the contextual use of the word 'argument' in the immediately preceding subsection of Rule 18 (c) in a manner clearly referring to argument within a brief.

"Construing these rules together, it is apparent that

the appellant is required in its initial brief to file an argument which supports any enumerations of error which it does not desire to waive. While this court is anxious to have supplemental briefs when they help to illuminate a difficult issue, there must be something present in the appellant's original brief which can be supplemented.

"To hold otherwise would place an unfair burden on appellees, and delay and frustrate the judicial process. A contrary holding would encourage attorneys, whether seeking a procedural advantage over their opponents or simply pressed for time, to file a 'protective brief' within the twenty-day period specified in the rules and then, at their leisure in the period preceding oral argument, to prepare presentation which their opponents will be unprepared to rebut." *Johnson v. Heifler,* 141 Ga. App. 460, 463 (233 SE2d 853) (1977).

*Motion for rehearing denied.*