### 58789. OXLEY v. LITTLE SWITZERLAND BREWING COMPANY.

BIRDSONG, Judge.

In September, 1973, appellee Little Switzerland was awarded a $50,000 judgment against appellant Oxley by the Circuit Court of Cabell County, West Virginia. In February, 1974, Little Switzerland filed suit in DeKalb County, Georgia, to enforce the West Virginia judgment. Oxley answered, filing numerous counterclaims and emendations. Following five years of complicated legal machination in West Virginia during which Oxley collaterally attacked that judgment (all of which proceedings according to the record have apparently been terminated unfavorably to defendant Oxley), and during which the proceedings for enforcement in Georgia were delayed, the plaintiff-appellee Little Switzerland in July, 1977, filed a motion for summary judgment on its suit in Georgia, which had remained pending. In February, 1978, the trial court judge called Little Switzerland's attorney to schedule a hearing on the motion, the same having been continued and postponed on several occasions. The judge scheduled the hearing for February 24, 1978, and his order of that date awarded judgment to Little Switzerland for the amount of the West

Virginia judgment and dismissed the counterclaims of the appellant Oxley. The order recited: "This cause having been pending before the Court for a period in excess of four years, and there being outstanding motions in need of disposition, the Court placed this case on the Motions Calendar for February 24, 1978. Counsel for the plaintiff and counsel for the defendant having been notified by letter, dated February 16, 1978 that the case would be added to the end of the February 24, 1978 Motions Calendar.

"Plaintiff appearing by counsel, there being no appearance by defendant, after consideration of the pleadings filed with the record and the evidence filed with the record, it is hereby,

"Ordered that plaintiff's Motion for Summary Judgment be granted . . . [and] that defendant's Counterclaim be dismissed . . ." The judgment was duly signed and filed.

Appellant Oxley made no appeal from the grant of summary judgment to plaintiff and the dismissal of appellant's counterclaims. More than a year later, in March, 1979, Oxley filed a motion for new trial and supersedeas, and a motion to set aside the judgment of February 24, 1978 for a non-amendable defect upon the face of the record and pleadings and for lack of jurisdiction over the subject matter and motion for new trial and supersedeas. Following a hearing thereon, this motion to set aside was denied by the trial court, and Oxley here appeals.

Appellant Oxley enumerates three errors. In order of their enumeration, they are, first, that the trial court erred in granting summary judgment to Little Switzerland and dismissing Oxley's counterclaims while there were genuine issues of material fact and while Oxley's counterclaims were pending; second, that the trial court erred in denying appellant's motion to set aside the summary judgment of February 24, 1978, because there was no evidence in the record that Oxley had notice of the summary judgment hearing, while his counsel has sworn by affidavit that no notice was received; and further, that Oxley's counterclaims had been erroneously dismissed on February 24, 1978, when no motion to dismiss was pending. Finally, appellant enumerates as error the trial court's refusal to take judicial notice of certain West Virginia law. *Held:*

1. Appellant Oxley's enumerations of error and brief in support of his enumerations of error were required to be filed in this court by October 1, 1979. On that date, appellant filed his brief which included discussion and argument of only the first enumeration of error. The appellant stated therein that his "conclusion is . . . tentative" because he had not had an opportunity to complete the brief. A motion to withdraw and refile his brief, filed

concurrently with the brief, was denied October 8; but appellant requested an extension of time to file "Appellant's Supplemental, Reply and Post-Oral-Argument Brief," and he received by court order an extension of time to file a supplemental brief, until December 6.

On October 16, appellant filed in this court a "Notice of Intention to file Supplemental Brief and Non-Abandonment of Enumerated Errors," in which he stated that he intended "to file a Supplemental Brief (permitted without further leave by Rule 17 of the Rules . . . ) which shall include argument and authorities upon the second and third enumerated errors; and said Appellant further gives notice that said second and third enumerated errors are not being abandoned under Rule 18(c) (2) . . . [S]aid argument and authorities were not included in the 'Brief of Appellant' filed October 1, 1979. . . Let the Appellee be governed by this Notice." Appellant's Supplemental, Reply and Post-Oral-Argument Brief was filed in this court December 7, one day after it was due. This supplemental brief contains supplementary arguments in support of appellant's first enumeration of error, and contains the only arguments in support of Enumerations 2 and 3, which this court has received.

While we are not without a certain appreciation for appellant Oxley's efforts to bind the appellee to a notice that appellant was not abandoning his second and third enumerations of error but would argue them in his supplemental brief, this court is not bound thereby. The rules of this court are plain, and the holding in *Johnson v. Heifler,* 141 Ga. App. 460, 462-464 (233 SE2d 853) is emphatic that in these circumstances, appellant has abandoned his second and third enumerations of error. "[T]he appellant is required in its *initial* brief to file an argument which supports any enumerations of error which it does not desire to waive. While this court is anxious to have supplemental briefs when they help to illuminate a difficult issue, there must be something present in the appellant's original brief which can be supplemented. . . It appears to us the appellant attempted to circumvent the rules of this court by filing an untimely brief dealing with enumerations of error discussed in Divisions 3, 4, and 5 [of the *Johnson* opinion]. In the future, enumerations of error so handled shall be . . . waived." *Johnson,* supra, pp. 463-464. We find that conclusion a proper one, and appellant Oxley is bound by its warning. His enumerations of error 2 and 3 are waived.

2. The remaining, or first, enumeration of error is that the trial court erred in granting Little Switzerland's motion for

summary judgment on February 24, 1978, because there were genuine issues of fact, and in dismissing Oxley's counterclaims when there was no evidence controverting them.

Appellants made no appeal from that order until more than a year after the entry of the judgment. The order of the trial court recites that counsel for both Oxley and Little Switzerland had been notified of the scheduled hearing, and that the ruling was made "after consideration of the pleadings . . . and the evidence," that is, on the merits. Appellant reasons that because he denies having received notice of the hearing and denies any knowledge of the judgment until March 23, 1979 (in the same month he filed the motion to set aside the judgment), this issue of lack of notice of the summary judgment hearing can be determined upon appeal of the trial court's denial of the motion to set aside and the motion for new trial which is enumeration of error 2. However, as held in Division 1, the second enumeration has been abandoned. Thus, the only question presented to this court is that presented by enumeration of error 1, i. e., whether the trial court erred in granting the summary judgment on the merits of the case in the face of Oxley's counterclaims. As there was no timely appeal from the grant of summary judgment, and nothing before this court which would extenuate the failure to timely appeal, we cannot consider the question. Code § 6-803.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED FEBRUARY 4, 1980 — REHEARING DENIED MARCH 19, 1980 —

*W. Kent Bishop,* for appellant.
*Kenneth T. Gartlir, Richard A. Katz,* for appellee.

ON MOTION FOR REHEARING.

BIRDSONG, Judge.

The basis of the decision in this case is the appellant's failure to address and argue two of his three enumerations of error in his brief which by extension was due October 1, 1979. Nevertheless, appellant Oxley on motion for rehearing raises the specter of whether this court's "[seeming] irritation [at appellant's counsel for not meeting the December 6, 1979 deadline for his supplemental brief] led to the harsh result of affirmance" of the trial court (see Code § 24-3605 (a)). He asserts by his own affidavit and that of his attorney that on November 19, 1979, at oral argument, the

presiding judge "interjected that the Bench would welcome written argument in a supplemental brief dealing with enumerated errors not argued in the first brief." This assertion is misconceived. The court was asked for, and gave as a matter of course, permission to file a supplemental brief pursuant to Code § 24-3617 (Rule 17; see 1979 revision, Rule 12); the court was not at that time apprised that appellant intended to include therein arguments for enumerations of error which he had not previously filed in brief pursuant to Code § 24-3616 (a) (Rule 16), and in circumvention of that rule and Code § 24-3618 (c) (2) (Rule 18 (c) (2); see 1979 revised Rule 15 (c) (2)). The court did not, and could not, give the permission which appellant now asserts he received.

It is beyond the lawful powers of any judge of this court to grant this or any other appellant permission to flout the rules of this court which deem an enumeration of error abandoned if not set forth and argued in the initial brief. It now seems manifest that on October 16, when appellant Oxley filed his "Notice of Intention to File Supplemental Brief and Non-Abandonment of Enumerated Errors," appellant was fully aware of the import of Rule 18 (c), Code § 24-3618 (c) (2), and the holding in *Johnson v. Heifler,* 141 Ga. App. 460, 462-464 (233 SE2d 853), but desired to circumvent this rule of the court and enlarge for his client an inordinate amount of time to present his case. The appeal in this case was docketed August 20, 1979; appellant's enumerations of error and brief were due September 10. This court, on September 5, granted a twenty-day extension of that due date, upon appellant's plea of overwork and *other court conflicts.* In fact, he ultimately sought, and now argues that he has entitled himself to *three months* to present his case rather than the twenty days provided in Code § 24-3616 and Rule 16 (a) of this court. Appellant insists that *Johnson v. Heifler,* supra, does not apply to him because the "appellee and the Court were offered protection by appellant's" announcement to this court that he would argue his second and third enumerations of error in a supplemental brief and that he had not waived those alleged errors despite what is clearly said in Rule 18 (c) and Code §24-3618 (c) (2). That assertion does not merit a further reply than what we have already ruled in deciding this appeal, but it does bring into focus a course of conduct by the appellant in this case that clearly evinces an attitude of disregard bordering on contempt for the rules of this court. As we distinctly *held* in *Johnson v. Heifler,* supra, an appellant's attempt to circumvent the rules of this court by attempting to argue his case in a delayed supplemental brief will not be tolerated, and certainly not in the argumentative fashion

attempted by this appellant on motion for rehearing. Appellant's continued attempts to belatedly enlarge his enumerations in this case go to the heart of every appeal in this court (Code § 24-3618 (c) (2)); and see *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374)); and are in disregard of the rules of our court, and we caution appellant that his conduct borders on the contumacious.

*Motion for rehearing denied.*