## 59240. COATES v. DOSS et al.

SHULMAN, Judge.

Plaintiff brought suit for breach of contract, fraud and negligence against defendants, the former employers of her deceased husband, asserting that she was the beneficiary of certain health and life insurance policies purchased by said employers (with a contribution from the employee) on behalf of their employee, plaintiff's husband. Plaintiff claimed damages based upon the wrongful termination of her husband's insurance coverage, which she contended was terminated without notice. From a grant of judgment on the pleadings in favor of defendants on all counts, plaintiff appeals. We affirm the trial court's judgment on the plaintiff's claim in negligence. We reverse the trial court's judgment

dismissing plaintiff's claims in contract and fraud.

1. Plaintiff asserts that the trial court's grant of a judgment on the pleadings was reversible error since the court, by its own admission, based its judgment on the consideration of evidence outside the pleadings. We find no error.

The court's consideration of outside evidence converted its judgment to the grant of a motion for summary judgment. See *Daylight Ind., Inc. v. Allen,* 123 Ga. App. 69 (179 SE2d 542); *Capes v. Morgan,* 235 Ga. 1 (I) (218 SE2d 764); *Unigard Ins. Co. v. Kemp,* 141 Ga. App. 698 (4) (234 SE2d 539). See also *Newsrack Supply, Inc. v. Heinle,* 127 Ga. App. 843 (1) (195 SE2d 193). Since plaintiff has not asserted on appeal (nor did she complain below) that she was not timely served with a motion for summary judgment (see in this regard *Johnson v. Heifler,* 141 Ga. App. 460 (1) (233 SE2d 853)), the court's grant of summary judgment was not improper on the grounds that it was inadvertently denominated a motion for judgment on the pleadings. Code Ann. § 81A-112 (c).

2. Plaintiff contends that such judgment was nevertheless improper in that the court incorrectly determined from the pleadings that plaintiff lacked standing to sue defendants in contract for their alleged breach of their agreement (under contract of employment with plaintiff's deceased husband) to maintain health and life insurance on the decedent. We agree.

Plaintiff alleged that under the written terms of her husband's insurance policies, she was the named beneficiary. As such, plaintiff would have standing to sue on the contract. See *Meriwether v. Metropolitan Life Ins. Co.,* 44 Ga. App. 596 (162 SE 421). Since defendants failed to pierce plaintiff's pleadings in regard to her status as beneficiary, the trial court improperly granted defendants' summary judgment as to this claim.

3. Likewise, since plaintiff's pleadings raised the issue of fraud (see in this regard *Sutker v. Pa. Ins. Co.,* 115 Ga. App. 648, 655 (155 SE2d 694)), the grant of summary judgment on this claim in favor of defendants was erroneous. *Clark v. Kelly,* 217 Ga. 449 (122 SE2d 731).

4. We find, however, that the trial court correctly found plaintiff without standing to pursue an action in

negligence against defendants. Plaintiff did not assert that defendants were acting as her agents (though allegedly acting, in effect, as her husband's agents for the procurement of insurance). Absent an agency relationship between plaintiff and defendants (wherein "the promisor undertook to procure insurance as an incident of that relationship, which was itself in some instances an incident of some other relationship . . ." (*Sutker, supra, p. 652)), there is no duty owed plaintiff and, consequently, no liability in negligence for defendants' failure to procure insurance. This being so, the trial court correctly granted summary judgment against plaintiff on her claim in negligence.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Carley, J., concur.*

ARGUED JANUARY 9, 1980 — DECIDED FEBRUARY 21, 1980.

*Michael J. Kramer,* for appellant.
*Charles N. Center,* for appellees.