64325. RAY et al. v. MARIETTA MARINE, INC.

BIRDSONG, Judge.

1. Appellants Ray enumerate three enumerations of error on appeal. Their first enumeration complaining of the direction of the verdict to the appellee is waived and abandoned for failure to support by arguing or citation of authority (Court of Appeals Rule 15 (c) (2)) *in their initial brief. Oxley v. Little Switzerland Brewing Co.,* 154 Ga. App. 36 (267 SE2d 460); *Johnson v. Heifler,* 141 Ga. App. 460, 462-464 (233 SE2d 853). Appellants in their "argument" merely state "Questions of fact are peculiarly for determination of the jury, unless

waived, and where there is a conflict in the testimony the trial court must allow the question to be determined unless palpably clear from the evidence." No citation is given for this pronouncement. It is not a precisely correct principle of law as to direction of a verdict. Code Ann. § 81A-150 (a). It does not argue anything except to restate that the trial court erred in directing the verdict. *Wilkie v. State,* 153 Ga. App. 609 (266 SE2d 289). Appellants do not make reference to any particular testimony or conflict that would support the allegation of error (Rule 15 (c) (3)), nor show any grounds by which the trial court erred. Enumeration of error one is not considered.

2. The second enumeration of error likewise is waived and abandoned. Appellants merely state, as in the enumeration, that the trial court erred in directing a verdict to appellee for the price of the boat purchased by appellants (who had then stopped payment on their check after they had an accident) because the evidence is undisputed that the appellee sold the used boat on consignment and did not own the boat and had no right to maintain the action. Appellants state no law or reason why this should be so. Enumeration abandoned. See *Wilkie v. State,* supra.

3. Finally, appellants contend the trial court erred in failing to grant a mistrial after the trial judge, in chambers, advised that the position taken by appellants' counsel "was 'silly' and that if the [appellants] did not settle with the appellee the Judge would control the case, thus depriving appellants of their right to a jury trial. . . ." Appellant cites Code Ann. § 81-1104 and cites the constitutional right to jury trial. Code Ann. § 81-1104 refers to a trial judge's expression of opinions and remarks before a jury, and has no application to a trial judge's discretion in private conversation with counsel concerning the conduct of the case. As we see, the trial judge did control the case by directing a verdict for the appellee, as was his authority under Code Ann. § 81A-150 to determine that appellants were not entitled to a jury verdict. Appellants have not borne their burden to show error on appeal.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 13, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — 

*James R. Dollar, Jr.,* for appellants.
*James D. Hogan, Jr., Berl T. Tate, Alan F. Herman, Wayne Grant,* for appellee.