68182, 68183. DAVIDSON et al. v. AMERICAN FITNESS CENTERS, INC.; and vice versa.

CARLEY, Judge.
Appellant-plaintiff Frances M. M. Davidson executed a membership agreement with appellee American Fitness Centers, Inc. ("defen-

dant"). Under the terms of that contract, Mrs. Davidson and her daughter ("plaintiffs") could utilize defendant's health club facilities in exchange for the payment of a certain sum. After several years passed, a dispute arose regarding the payment of renewal fees specified in the contract. When the parties failed to reach an agreement concerning the renewal fees, defendant's attorney wrote a letter to plaintiffs' attorney, proposing a settlement and compromise. Plaintiffs subsequently filed suit against defendant for an alleged breach of contract. Thereafter, on the basis of the letter from defendant's attorney regarding the compromise of the dispute, plaintiffs amended their complaint to add a tort claim. Defendant moved to dismiss plaintiffs' tort claim, asserting that it failed to state a claim upon which relief could be granted. The motion to dismiss was granted, and the trial court directed the entry of final judgment as to that ruling. OCGA § 9-11-54 (b). Plaintiffs appeal from that judgment. Defendant brings a cross-appeal from the grant of a motion in limine.

1. Plaintiffs' motion to dismiss the cross-appeal is denied. *Southeast Ceramics v. Klem*, 246 Ga. 294 (271 SE2d 199) (1980); *Allstate Ins. Co. v. Travelers Ins. Co.*, 249 Ga. 504 (291 SE2d 535) (1982).

2. The main appeal arises from the trial court's dismissal of plaintiffs' tort claim. In the letter upon which that claim was based, defendant's enunciated position was that the younger plaintiff had been in arrears for several years with regard to the payment of annual renewal fees, and that her failure to pay these fees had extinguished her subsequent renewal rights as provided by the terms of the contract. The letter further indicated that, in compromise of plaintiffs' claim against it, defendant would reinstate the younger plaintiff's membership in its health club facility if plaintiffs would pay to defendant the amount of the alleged arrearage.

Plaintiffs contend that, by making the foregoing proposal, defendant perpetrated "the tortious offense of criminal attempt to commit theft by deception." See OCGA § 16-8-3. Plaintiffs further contend that the allegations contained in their pleadings were sufficient to provide adequate notice of a viable tort claim, as contemplated by OCGA § 9-11-8. See *Dillingham v. Doctors Clinic, P.A.*, 236 Ga. 302 (223 SE2d 625) (1976). Thus, plaintiffs assert, the trial court erred in dismissing the claim, because a motion to dismiss under OCGA § 9-11-12 (b) (6) should not be granted unless the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts. *Storm Systems, Inc. v. Kidd*, 157 Ga. App. 527 (278 SE2d 109) (1981).

A motion to dismiss for failure to state a claim is directed toward the opposing party's pleadings. In the instant case, the letter upon which the tort claim was founded was not made a part of the pleadings, yet it was clearly considered by the trial court in making its de-

termination. Accordingly, the motion to dismiss was converted into one for summary judgment. OCGA § 9-11-12 (b); *Intl. Indem. Co. v. Blakey*, 161 Ga. App. 99 (289 SE2d 303) (1982). Plaintiffs did not object to the trial court's consideration of the extrinsic evidence, nor did they raise any issue concerning the procedural limitations applicable to hearings on motions for summary judgment. Thus, these matters are deemed waived. *Coates v. Doss*, 153 Ga. App. 560 (265 SE2d 881) (1980); *Johnson v. Heifler*, 141 Ga. App. 460 (233 SE2d 853) (1977).

As to the merits of the trial court's ruling, plaintiffs concede that their tort claim was based *entirely* on the letter embodying the compromise offer. Thus, the entire claim was based upon evidence which would be inadmissible at trial. " '[OCGA § 24-3-37, which prohibits the introduction into evidence of offers of compromise,] was created in order to encourage settlements by letting a party which makes an admission or proposition with a view toward compromise rest assured that its good-faith settlement attempt will not later be used against it in court.' [Cit.] In discussing this Code section it has been further pointed out 'The rule against allowing evidence of compromises is founded upon recognition of the fact that such testimony is inherently harmful, for the jury will draw conclusions therefrom in spite of anything said by the parties at the time of discussing the compromise, and in spite of anything which may be said by the judge in instructing them as to the weight to be given such evidence.' [Cits.]" *Allen v. Brackett*, 165 Ga. App. 415, 417 (301 SE2d 486) (1983). See also *Newton Bros. v. Shank*, 240 Ga. 471 (241 SE2d 231) (1978); *Cawthon Motor Co. v. Scheufler*, 153 Ga. App. 282 (265 SE2d 96) (1980).

It is clear that defendant could not rely on the letter to support its motion, and at the same time invoke a ruling as to the inadmissibility of that evidence. *United Building Supply v. Atlanta Dry Wall Co.*, 231 Ga. 554 (203 SE2d 159) (1974); *Jordan v. Ailstock*, 230 Ga. 67 (195 SE2d 425) (1973). In the case at bar, however, defendant does not rely on the letter as affirmative evidence in support of its motion. Rather, it is the fact of the evidence's underlying inadmissibility at trial upon which defendant relies. Defendant's burden upon a motion for summary judgment was to make an affirmative showing that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. OCGA § 9-11-56. Defendant met this burden by establishing that plaintiffs could not prove their tort claim because the document upon which they relied would be inadmissible at trial. " 'It is elementary that documents upon which a party rests his case must be offered into evidence.' [Cit.]" *Hadden v. Owens*, 154 Ga. App. 467, 468 (268 SE2d 760) (1980). Since the document upon which plaintiffs relied was inadmissible as evidence, there was no genuine issue as to any material fact, and the entry of judgment in favor

of defendant was proper.

3. By way of cross-appeal, defendant asserts that the trial court erred in granting plaintiff's motion in limine. That ruling prohibited defendant from introducing evidence of two offers of compromise which had been made subsequent to the filing of the lawsuit.

Defendant contends that, although OCGA § 24-3-37 generally proscribes such evidence, the statutory interdiction does not apply where evidence of settlement offers is propounded by the party who made the offers. To substantiate that contention, defendant cites *Benn v. McBride*, 140 Ga. App. 698 (231 SE2d 438) (1976). While that case does provide some support for defendant's position, the holding in *Benn* was that certain challenged testimony was properly admitted because it did not constitute an admission or proposition made with a view toward compromise, and thus it did not fall within the ambit of OCGA § 24-3-37. A statement contained in *Allen v. Brackett*, supra, also supports defendant's view, but the issue in that case involved the admissibility of offers made through an intermediary. Since neither *Benn* nor *Allen* directly confronted the issue currently before the court, we do not consider those cases to be controlling authority.

Contrary to defendant's assertion, we hold that the general prohibition of OCGA § 24-3-37 applies without regard to whether the proponent of the evidence is the offeror or the offeree of an offer of compromise. This conclusion is in keeping with the language and the intent of the statute. As noted previously, the purpose of the rule is to encourage settlements, and that purpose would not be served by permitting an offeror of a compromise to prove his settlement efforts. "We find nothing which would take [defendant's] refused evidence of its subsequent unsuccessful efforts to compromise . . . outside the general rule that such evidence would be 'inherently harmful.' 'The evidence implies that [plaintiffs] refused to cooperate in negotiating a settlement, despite [defendant's] findings and despite [its] best efforts. . . . To hold otherwise would do injury to the spirit and purpose of [OCGA § 24-3-37] ([Cit.]), since parties would hesitate to enter settlement negotiations on disputed claims if their ultimate failure to settle were admissible in evidence against them. [Cit.]' [Cit.]" *Voyager Cas. Ins. Co. v. Colwell*, 166 Ga. App. 17, 20 (303 SE2d 152) (1983), modified on other grounds, 251 Ga. 744 (309 SE2d 617) (1983). Accordingly, we find that the trial court did not err in granting plaintiffs' motion in limine to preclude the introduction into evidence of defendant's offers of compromise. "There are times in litigation when a party needs to be protected against the gratuitous generosity of his adversary, and this was one of them." *Malcolm v. Dobbs*, 127 Ga. 487, 491 (56 SE 622) (1906).

*Judgment affirmed as to the main appeal and cross-appeal. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1984 —
REHEARING DENIED JULY 18, 1984 — 

*Charles A. Mullinax*, for appellants.
*John S. Graettinger, Jr., William F. Clark*, for appellee.