68909. PITTMAN v. THE STATE.
(322 SE2d 284)

Banke, Presiding Judge.

Robert L. Pittman was convicted of robbery and sentenced to serve six years in confinement, followed by 14 years on probation. On appeal, he contends, among other things, that the evidence was insufficient to support his conviction.

At the trial, the victim, Frank Williams, initially testified that as he was walking with his stepson (John L. Green) and appellant, Green grabbed him, and one of the two men took his billfold, contain-

ing $250, from his pocket. Williams later testified that appellant took the billfold while Green held him. Green testified that as he and appellant were walking with Williams, appellant snatched Williams' billfold, whereupon he (Green) ran after appellant, retrieved the billfold, and returned it to Williams. The $250 was missing when Williams recovered his billfold. Appellant admitted walking with Williams and Green but denied participating in the robbery, claiming that Green had grabbed the billfold from his stepfather's pocket and then discovered it to be empty. *Held*:

1. The credibility of witnesses and weight of the evidence are questions for the trier of fact. *Anthony v. State*, 169 Ga. App. 777 (315 SE2d 290) (1984). The evidence presented at trial was sufficient to enable any rational trier of fact to find appellant guilty of robbery beyond a reasonable doubt. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

2. Appellant also contends that the trial court erred in denying his motion for new trial based on newly discovered evidence. In support of his motion, appellant called two witnesses, both of whom were convicted felons. One witness stated that while incarcerated in the Berrien County Jail, he heard appellant ask Green why he (Green) had lied about him and that Green replied, "Yea, I told them, and I will tell them again." The second witness stated that while confined at Coastal Correctional Institute, Green had admitted robbing his stepfather and then lying at appellant's trial and placing sole culpability upon him.

A new trial will not be granted if the only effect of newly discovered evidence would be to impeach a witness' testimony. *Hutto v. State*, 158 Ga. App. 3 (279 SE2d 278) (1981). In the instant case, the testimony of both witnesses would relate solely to the issue of Green's credibility. Moreover, motions for new trial based on newly discovered evidence are not favored and lie within the discretion of the trial court. *Lord v. State*, 156 Ga. App. 492 (274 SE2d 641) (1980). The trial court did not abuse its discretion in declining to grant a new trial in this case.

3. Appellant contends that the trial court erred in attaching certain conditions to the sentence regarding the use of his social security check to pay for his fine, restitution, and prison upkeep. No argument or citation of authority in support of this enumerated error is contained in the appellant's brief, which instead states that such argument and citations of authority will be provided in a supplemental brief. No supplemental brief was filed within the time required by Rule 14 of this court, nor did appellant request an extension of time. By failing to submit argument or citation of authority in his initial brief, appellant thereby waived this enumerated error. Accord *Oxley*

*v. Little Switzerland Brewing Co.*, 154 Ga. App. 36 (1) (267 SE2d 460) (1980); *Johnson v. Heifler*, 141 Ga. App. 460 (6) (233 SE2d 853) (1977).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 4, 1984 —
REHEARING DENIED SEPTEMBER 17, 1984

*Elsie Higgs Griner*, for appellant.
*Lew S. Barrow, District Attorney, Robert B. Ellis, Jr., Assistant District Attorney*, for appellee.