71526. EHLERS v. SCHWALL & HEUETT.
(340 SE2d 207)

BIRDSONG, Presiding Judge.

Defendant James A. Ehlers appeals from a directed verdict by the trial court in favor of the plaintiff, the law firm of Schwall and Heuett. Ehlers and his wife sought a divorce. Ehlers' father, a lawyer, filed as intervenor alleging he should be granted a lien on the family residence as he had advanced monies for the purchase of the home. Both parties made allegations concerning the conduct of the other party. Also at issue was child support, alimony and division of marital property. Ehlers first employed one attorney and then hired the firm of Schwall and Heuett. He made payment of a retainer fee of $2,500.

The divorce proceedings moved slowly from December 1980 to April 1982, when Ehlers received a notice from Schwall and Heuett asking for $1,360 as attorney fees. Ehlers paid the amount requested but voiced his displeasure with the representation he was receiving. Plaintiff had billed Ehlers $375 in February of 1982 which had not been paid. Thereafter, in May of 1982, Ehlers was billed for $2,500 and $1,075, and in August was charged $105. Each of these bills itemized the basis for the charges. The unpaid bills totalled $4,055 and he was requested to pay that amount. He refused, discharged his counsel, and this action followed.

Ehlers answered pro se and "amended" to add an unspecified count denying that any amount was due, and in the following paragraphs, collectively, gave a history of the litigation and his dissatisfaction with "the course of events" and was "alarmed at the impending financial disaster looming ahead." He alleged that his counsel did not challenge the amount of attorney fees he was ordered to pay his wife's counsel, and did not raise any issue of the financial circumstances of the parties. He charged that "the failure on the part of the plaintiff in this case was inexcusable and exasperating. . . ." He asked that plaintiff "be found negligent in their representation of their client" and that monies previously paid to the plaintiff be returned and that he be awarded actual and punitive damages.

At trial, Ehlers acted as his attorney and the court permitted his father, an attorney who advised the court that he had "retired," to assist him. Ehlers attempted to qualify his father, who was not then in good standing with the State Bar, as an expert witness. The senior Ehlers stated that he had closed his office in 1960 and was "inactive" but "not retired." However, an affidavit of the State Bar showed the witness had failed to pay "license fees from 1972 to date." Presumably this included "inactive" fees. The court refused to qualify the senior Ehlers as an expert. This ruling is not contested on appeal.

The defendant testified and expressed the basis for his dissatisfaction with his representation by the plaintiff and what he thought his attorney should have done. He stated that he discharged plaintiff because he "didn't feel secure. I felt like something was amiss. I never got really a comfortable feeling with Mr. Schwall's representation. . . . I wasn't happy with Mr. Schwall. . . . I don't feel like I was adequately represented. . . ."

At the conclusion of all the evidence, plaintiff moved for a directed verdict on the main action and moved to strike defendant's counterclaim. The court granted both motions, stating that he found "no evidence of negligence to sustain [defendant's] allegation that [plaintiff] was negligent . . . no evidence of malpractice." The court denied an amended motion for new trial and defendant brings this appeal. *Held*:

We find it extremely difficult to determine what is enumerated as error. Counsel has ignored our Rules and has not filed an enumeration of errors within his brief, but has referred us to the record. See Rule 15 (a) (2), Rules of the Court of Appeals. The record itself does not contain a formal Enumeration of Errors but counsel has written across his "Amendment to Motion for New Trial" the words: "Enumeration of Errors." "Incorporation of the enumerations of error in the brief fails to comply with this rule and presents nothing for review by this court." *Russell v. State*, 225 Ga. 371 (169 SE2d 124). Further, appellate counsel's brief includes an affidavit and an exhibit, which cannot be considered by this court (*Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840)), and the argument section's numbered paragraphs bear no relation to the allegations of error with that number in the referenced amended motion for new trial. See Rule 15 (c) (1), Rules of the Court of Appeals. However, even though "[a] vague, indefinite, and uncertain assignment of error . . . presents no question for decision by this court" (*Dye v. Dotson*, 201 Ga. 1 (4) (39 SE2d 8); see also *Shouse v. State*, 231 Ga. 716, 717 (203 SE2d 537)), our code commands that where it is apparent from the notice of appeal, the record, the enumerations of error, or a combination of the foregoing, what error is sought to be asserted, we will consider the appeal, notwithstanding the deficiency of the enumerated errors. OCGA § 5-6-48 (f); *Thomas v. Scott*, 221 Ga. 875 (1) (148 SE2d 300); *Haywood v. Wooden Peg*, 174 Ga. App. 806, 807 (331 SE2d 109).

It is basic appellate practice that error argued in the brief but not enumerated as error will not be considered on appeal (*Hibbert v. State*, 146 Ga. App. 887 (3) (247 SE2d 554)), and error enumerated but neither argued in the brief nor supported by citation of authority is considered abandoned. *Oxley v. Little Switzerland Brewing Co.*, 154 Ga. App. 36 (1) (267 SE2d 460); *Ezzard v. State*, 229 Ga. 465 (1) (192 SE2d 374). Further, where the objection urged below is not argued here it must be treated as abandoned, and where an entirely different basis of objection is argued on appeal which was not presented at trial, we will not consider this as error, for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error. *MacDonald v. MacDonald*, 156 Ga. App. 565 (1) (275 SE2d 142). Defendant presented 16 separate items to the trial court in his amended motion for new trial. His appellate brief argues two different groups of error, with nine in the first group and fifteen in the last group. Relationship between the numbered paragraphs in the brief and those in the amended motion for new trial is tenuous as to content and non-existent as to matching numerals. See Rule 15 (c) (1), Rules of the Court of Appeals. Nevertheless, we shall attempt to address the issues we find raised.

Defendant presented 16 separate items to the trial court which

referred principally to the conduct of the trial judge and opposing counsel. Others alleged error in: (1) the failure of the trial court to appoint the defendant counsel, (2) refusing defendant permission to question a lawyer as to how much his former wife paid him, (3) refusal to admit in evidence his sworn affidavit, and (4) refusal of his tender in evidence of Georgia law concerning attorney fees. First and foremost, we note the continual failure of the defendant to object during trial to those instances now enumerated as error. Generally, where there is no objection at trial we will not consider such enumeration to require reversal unless it appears that gross injustice will result which is attributable to the alleged errors. *Green v. Weaver*, 164 Ga. App. 286, 290 (297 SE2d 57). We have found no gross injustice.

As to the conduct of the court and counsel, the only harm that can accrue to a party by expression of an opinion by the court or counsel would be its impact upon the jury. In the instant case, the trial court directed a verdict and such alleged impropriety would be harmless. *Kinney v. Youngblood*, 216 Ga. 354 (3) (116 SE2d 608). Further, the comments and questions of the trial court generally related to rulings to and made by the court which involved discussions with counsel, particularly where the defendant was acting as counsel. We find no error in such discussion between the court and counsel. *Ray v. Marietta Marine*, 163 Ga. App. 690 (3) (294 SE2d 698); accord *Bradley v. State*, 137 Ga. App. 670, 673 (224 SE2d 778); U. S. cert. den. 429 U. S. 918.

On appeal, defendant has not raised the issue of the failure of the trial court to appoint him counsel. This issue has been abandoned. The question of how much defendant's wife had paid her lawyer had no relevance to any issue before the trial court. The defendant, appearing pro se, testified as to his knowledge of the issues before the court. His sworn affidavit, containing the same information, was not admissible as evidence. See generally Green, Ga. Law of Evid., 289, § 115; 504, § 226. The trial court's refusal to admit in evidence Georgia law on the issue of attorney fees is harmless error at most where the judge directs a verdict.

A review of appellant's brief shows it is more in the nature of argument as to the sufficiency or insufficiency of the evidence to sustain the judgment. Where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed. OCGA § 9-11-50 (a). Hence, a directed verdict would be proper only where there is no conflict as to a material fact and the verdict is demanded for the movant. *Daniel v. Weeks*, 217 Ga. 388 (122 SE2d 564). It is not contested that counsel performed the services for which he billed the defendant. The value of those services was shown. The conflict arises because of the dissatisfaction by

the client because of the refusal of the lawyer to conduct the action in the method preferred by the client, and retrospectively because of the result of the litigation. This type of conflict is not material to the question of whether the client legally owes the attorney for the services he rendered. *Blalock v. Central Bank of Ga.*, 170 Ga. App. 140, 141 (316 SE2d 474). An attorney is not a guarantor of results and the client is free to discharge his attorney at any time, for any reason, but the attorney is entitled to be paid for his services performed in accordance with his contract. *Henson v. American Family Corp.*, 171 Ga. App. 724, 730 (321 SE2d 205); see also 7 AmJur2d 307, Atty. at Law, § 273. The client was billed only for services performed during the contract of employment. The trial court did not err in directing a verdict for the plaintiff.

Turning to the issue of the allegation of negligence made by the defendant, it is presumed in a legal malpractice action that a lawyer's services are performed in an ordinarily skillful manner. This presumption remains with the attorney until rebutted by expert legal testimony; otherwise, the grant of a summary judgment in favor of the attorney is proper. *Hughes v. Malone*, 146 Ga. App. 341, 349 (247 SE2d 107). Hence, in malpractice actions against attorneys, "it is essential that competent evidence by experts be presented as to the acceptability or nonacceptability of particular conduct. Except in clear and palpable cases, expert testimony is necessary to establish the parameters of acceptable professional conduct, a significant deviation from which would constitute malpractice." *Gibson v. Talley*, 156 Ga. App. 593, 594 (275 SE2d 154). Plaintiff produced expert testimony that his representation comported with acceptable standards of legal practice in like situations, and defendant failed to produce any expert testimony which could be construed as tending to show neglect, misfeasance, or malfeasance on the part of plaintiff. Defendant points to answers given by plaintiff's witnesses on cross-examination. But, those answers cannot reasonably be construed to raise any issue of material fact as to negligence or malpractice. We find no conduct of the plaintiff which could invoke the "clear and palpable" exception to the general rule. The trial court did not err in striking defendant's counterclaim alleging malpractice.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED JANUARY 8, 1986 —
REHEARING DENIED JANUARY 23, 1986 —

*Albert T. Ehlers*, for appellant.
*Emory A. Schwall*, pro se.

*Karl M. Terrell*, for appellee.