## 5866.   SHANON v. THE STATE.

WADE, J. 1. A charge which instructs the jury in a criminal case that "a reasonable doubt . . is the doubt arising in the minds of twelve reasonable men," and which directs the jury to acquit the defendant if they "as twelve reasonable men entertain such a doubt," is erroneous, and imposes upon the accused a greater burden than the law warrants, since a reasonable doubt conscientiously entertained by one or more jurors (less than twelve) should at least entitle the defendant to a mistrial. 12 Cyc. 492.

2. It is error for a trial judge to instruct the jury that it would be their

duty to disregard the testimony of a witness who in their opinion had been successfully impeached, "unless [the jury] believe he is corroborated by other facts in the case, and unless he has been sustained in one of the methods provided by law; in which event it would be [their] duty to believe him." It is the *privilege* of the jury to accept the testimony of a witness notwithstanding an effort has been made to impeach him, but it is in no case the *duty* of the jury to accept the testimony of such a witness where he is corroborated by other facts or is sustained in one of the methods provided by law. The credibility of a witness is solely for the jury, and the court can not properly instruct the jury that it is their "duty" to accept testimony which may not be credible to them.

3. Since the case must go back for a new trial, it is unnecessary to refer to the ground of the motion for a new trial based on alleged newly discovered evidence. *Judgment reversed. Roan, J., absent.*
DECIDED OCTOBER 20, 1914.

Accusation of sale of liquor; from city court of Forsyth—Judge Persons. June 6, 1914.

*Willingham & Willingham,* for plaintiff in error.
*J. M. Fletcher, solicitor,* contra.