49464. TRASK v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of voluntary manslaughter and sentence of 20 years' imprisonment.

1. The trial judge did not err in charging the jury panel, prior to the selection of the jury, that "Every effort should be made *consistent with your oaths and conscience as jurors* to reach a unanimous verdict in every case you sit on." A charge, if given on this subject, should not overly stress the necessity for either unanimity (*Shanon v. State,* 15 Ga. App. 346 (1) (83 SE 156) or unyielding, individual conviction by each juror (*Fogarty v. State,* 80 Ga. 450, 454 (5 SE 782)). See also 137 ALR 394. The trial judge made it clear here, both by the qualifying phrase "consistent with your oaths and consciences as jurors" and by the remainder of his charge on this subject, out of the context of which this excerpt was taken, that unanimity was not to be achieved at the expense of violating each individual juror's deliberate conscientious convictions as to what his verdict should be. "The jurors are supposed to be intelligent, conscientious men; each takes the oath prescribed by law, 'that he will give a true verdict according to the evidence'; and he is presumed to understand the nature and effect of his obligation. Whether he can conscientiously yield his judgment to that of his fellow-jurors, is a question he must decide for himself." *Fogarty,* supra, p. 454 (3). Enumerations of error 1, 15, 23 and 24 are without merit.

2. The admission in evidence, over objection, of a letter written by the decedent to his father, indicating that he may have had $2,500 in his possession, was at most harmless error. The jury evidently did not believe

that robbery was the defendant's motive, since it found him guilty of voluntary manslaughter, rather than murder, as charged. There is no enumerated error as to the excessiveness of the sentence. Enumerated error 2 is without merit.

3. It was not error, as contended in enumerated error 3, to permit expert witness Dr. Dawson to testify early due to a previous commitment, where the existence of the decedent's dead body, necessary to establish the corpus delicti, had already been established by the previous testimony of the decedent's father, which was corroborated by witnesses testifying subsequent to Dr. Dawson.

4. In enumerated errors 4, 5 and 6, the defendant complains of the admission in evidence of 10 photographs of the decedent's body. "It is well settled that photographs which do have probative value in establishing the cause of death, although gruesome and only corroborative or cumulative of other evidence, are entitled to admission." *Teal v. State,* 122 Ga. App. 532 (1) (177 SE2d 840) and cits. And this is true even though the defendant had stipulated everything the photographs would show. *Johnson v. State,* 226 Ga. 511 (2) (175 SE2d 840). The photographs were relevant to show the location, number (15) and severity of the stab wounds where there was testimony that the victim could have died of such wounds and where the defendant contended that death was by drowning rather than by stabbing, as the indictment charged. See *Franklin v. State,* 69 Ga. 36 (1); *Andrews v. State,* 222 Ga. 689 (2) (152 SE2d 388) and cits.; cf. *Holcomb v. State,* 130 Ga. App. 154, 155 (2) (202 SE2d 529), where the cause of death was not in dispute. The fact that the photographs were made several days after the homicide and that the body was therefore partially decomposed, does not of itself make them inadmissible. *Weaver v. State,* 199 Ga. 267 (3) (34 SE2d 163). The evidence showed that the defendant had weighted the body and dropped it into the lake, where it was not discovered for several days. Nor is it reversible error to admit in evidence more than one photograph tending to prove a fact. *Cagle Poultry & Egg Co. v. Busick,* 110 Ga. App. 551 (1c) (139 SE2d 461). Although the photograph of the body after

mutilation by autopsy, did not have direct probative value in establishing the cause of death, it did corroborate the testimony that an autopsy was performed, which was instrumental in ascertaining the cause of death. There was no representation by the state that the photograph depicted a condition directly caused by the defendant. Therefore, these enumerated errors are without merit.

5. Enumerated errors 7 and 8 complain of the admission in evidence, over objections, of testimony of the state's witness, DOI agent Stone, that, in his opinion, the truth had been discovered in this case (enumeration 7) and that he had not found any evidence that would tend to acquit the accused in this murder case (enumeration 8). Both answers constituted expressions of opinions as to ultimate facts in issue within the province of the jury. As the trial judge ruled, however, both answers were elicited by the defense counsel's cross examination of the witness with regard to the the witness' duty, as a law enforcement officer, to seek for *all* evidence leading to the discovery of the truth, whether it tends to acquit or convict the suspect. Moreover, the judge instructed the jury in the first instance to the effect that they were to determine the truth in the case, after which counsel did not request further relief, such as instructions or mistrial. See *Seaboard C. L. R. Co. v. Wallace,* 227 Ga. 363 (180 SE2d 743). These enumerated errors are without merit.

6. The trial judge did not err, as contended in enumerated error 9, in overruling the defendant's motion for mistrial after the prosecution asked witness Stone whether the defendant had indicated or told Stone how he (the defendant) wanted to plead, where the judge sustained the objection to the question, did not allow it to be answered, and instructed the jury to disregard it.

7. To make a confession admissible, it must have been made voluntarily, without being induced by another, by the slightest hope of benefit or remotest fear of injury. Code § 38-411. The confession was made after the accused was advised of and waived his "Miranda" rights. It was not demonstrated that investigator Stone gave the accused, Trask, any "hope of benefit," or that Trask himself felt induced to make a confession. Stone

did not inform the accused that "it would be better" for Trask to make no mention of drugs in his statement, but only that "I was not going to put it [i.e. the mention of drugs] in the statement." See *Minton v. State,* 99 Ga. 254 (2) (25 SE 626); *McLemore v. State,* 181 Ga. 462, 470 (182 SE 618). Neither did fear of injury motivate the accused to make a confession. Though physical intimidation is alleged in the brief, there was no testimony from the defendant at the trial to demonstrate that his confession was induced by threats or acts of violence against his person.

The sworn testimony adduced by the defendant on direct examination varies little from that presented by the confession. See *Watson v. State,* 132 Ga. App. 204 (1) and cit. Ultimately, whether the confession was freely and voluntarily made was a question for the jury (*Brown v. State,* 203 Ga. 218 (46 SE2d 160)), and it was not error, as contended in Enumeration 10, to admit the confession in evidence.

8. The trial judge did not err in overruling the defendant's motion for directed verdict of acquittal, as contended in enumeration 11. There was medical testimony to the effect that the primary cause of death was blood loss from the stab wounds, which the evidence indicated were inflicted by the defendant, regardless of whether such wounds alone caused death or caused unconsciousness, allowing (with or without the defendant's participation) the victim to go under the water and drown. For this reason, the judge did not err in failing to give the instructions set out in enumerated errors 17 and 22, pertaining to the fact that the indictment (allegata) alleged stabbing as the cause of death, whereas, it is contended, the probata was that drowning was the cause.

9. "'Justifiable homicide is a substantive and affirmative defense; and where such defense is in issue and the court does not specifically, or in general terms, inform the jury that, if they should believe the defendant justified, it would be their duty to acquit him, a new trial must be granted.' . . . [cases cited]." *Holcomb v. State,* 130 Ga. App. 154, 157(6), supra. This requirement could have been met previously merely by charging the provisions

of former Code § 26-1017, i.e., "The homicide appearing to be justifiable, the person indicted shall, upon the trial, be fully acquitted and discharged." See *Waller v. State,* 102 Ga. 684 (1) (28 SE 284). Since the present Criminal Code has no equivalent provision, however, it is now necessary that the jury be given the additional instruction that, if they believe the defendant justified, he should be acquitted.

In addition to charging such statutes — specifically §§ 26-901, 26-902 (Ga. L. 1968, pp. 1249, 1272) — the trial judge here complied with this requirement by instructing the jury as follows: "Now, the defendant contends that he is not guilty of the offense of murder or any other crime. He contends that the State has not proved his guilt to a moral and reasonable certainty beyond a reasonable doubt; *he contends that the killing was justifiable under the law.* He contends that the killing was an accident. If, after consideration of the evidence, or from a lack of the evidence, you believe those contentions of the defendant to be the truth of the case, or *if you believe either of these contentions of the defendant to be the truth of the case, you should acquit him."* (Emphasis supplied.) Cf. *Murray v. State,* 28 Ga. App. 101 (2) (110 SE 418). Enumerated errors 12 and 13 are without merit.

10. The refusal to charge to the effect that the defendant was not required to retreat from the deceased, was not error, as contended in enumeration 14. Code Ann. § 26-902 sets forth the instances in which the killing of another human being may be justified. Designed to simplify and give order to previously disparate points of law, it contemplates the situation of mutual combat where the defendant reasonably believes that the use of deadly force to prevent death or great bodily harm to himself or a third person, is necessary. The charge of § 26-902 instructed the jury on the legal implications of this defense, raised by the defendant, and cannot be said to be insufficient as an explication to the jury of the law.

11. Enumerations 16 and 18 have been abandoned by being argued neither in the brief nor in oral argument. *Rodriguez v. Newby,* 131 Ga. App. 651, 655 (206 SE2d 585) and cits.

12. The failure to charge to the effect that the

defendant could be convicted of only the charge of murder or a lesser included offense, complained of in enumerations 19 and 25, was not error, since the judge specified the two possible offenses that could be found (murder or voluntary manslaughter) and since the evidence authorized the verdict as to voluntary manslaughter.

13. The refusal to charge designated by enumeration 20, was not error, since the principles involved therein were substantially charged by the judge.

14. It was not error, as contended in enumeration 21, to refuse to charge that "a reasonable doubt might arise from an attack upon the credibility of or by the impeachment of a witness or witnesses testifying as to evidence material to establish the allegations of the indictment," since there were adequate instructions both as to the definition of "reasonable doubt" and as to the credibility of witnesses and how it was to be determined by the jury.

15. The judge did not err, as contended in enumerations 26, 27 and 28, in refusing to charge on involuntary manslaughter. "To warrant instructions on involuntary manslaughter (Ga. L. 1968, pp. 1249, 1276; Code Ann. § 26-1103) there must be evidence to authorize a determination that death occurred unintentionally from the commission of an unlawful act other than a felony, or from the commission of a lawful act in an unlawful manner likely to produce death or great bodily harm. Whether the conduct of the accused was lawful at the outset, e.g., in self-defense . . . or unlawful, what took place thereafter discloses felonious conduct in committing either an aggravated assault with an instrument likely to produce death (Code Ann. § 26-1302) or an aggravated battery (Code Ann. § 26-1305), which, having caused the death of another, is not within the scope of involuntary manslaughter." *Teal v. State,* 122 Ga. App. 532, 533 (4), supra. As in *Teal,* the victim here received some 15 wounds, many of them deep and grievous, which this court found in *Teal* to be inconsistent with unintentional conduct.

The judgment was not error for any reason urged.
*Judgment affirmed. Eberhardt, P. J., and Deen, J.,*

*concur.*

ARGUED JUNE 26, 1974 — DECIDED SEPTEMBER 6, 1974 —
REHEARING DENIED SEPTEMBER 24, 1974 — ▮

*William O. Carter, Ray B. Burruss, Jr.,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.