## 49869. BOYD v. THE STATE.

STOLZ, Judge.

The defendant appeals from her conviction of voluntary manslaughter and two pistol misdemeanors, and her sentence of 15 years (3 of which to be probated) and two 12-month sentences, to be served concurrently with each other and with the 15-year sentence.

1. Although the overruling of the *amended* motion for new trial is enumerated as error, a search of the record reveals only a motion containing the three usual general grounds, which are deemed abandoned by not having been argued. *Trask v. State,* 132 Ga. App. 645, 649 (11) (208 SE2d 591) and cit. Furthermore, the evidence authorized the verdict, the evidence that two pistol bullets were fired by the defendant being inconsistent

with her contention of accident. *Trask,* supra, p. 650 (15) and cit.

2. The enumeration as error of the *contended* admission in evidence of the defendant's signed, written statement to the police, which she claims was made without a waiver of counsel — is without merit. Although marked as state's exhibit 5, the statement itself was never admitted in evidence. See *Harris v. State,* 96 Ga. App. 395 (2) (100 SE2d 120). Defendant's counsel, on direct examination, had elicited the defendant's testimony about certain statements she claimed to have made to the police, and the state merely cross examined her *without objection,* as to this prior, inconsistent, written statement. See *Campbell v. State,* 231 Ga. 69, 77 (3b) (200 SE2d 690). Moreover, the prior, inconsistent statement itself was not even a confession, since the defendant did not admit having voluntarily shot the defendant, but merely stated therein that the "gun went off" after she had a flashback to the time when she had been raped when she was sixteen years old.

3. Counsel for the defendant requested that the trial judge conduct a pre-sentence investigation and then sentence the defendant. The defendant, who was present, made no objection at that time or subsequently during the trial. Her counsel contends, for the first time on appeal, that the trial judge erred in accepting the waiver of the jury sentencing by defense counsel and in fixing the sentence without ascertaining whether the defendant knowingly and intelligently waived this statutory right.

The jury found that the appellant was guilty of the offense charged, and the fact that the trial judge fixed the sentence, pursuant to defense counsel's request, rather than the jury, as is allowed under the provisions of Code Ann. § 27-2534 (Ga. L. 1970), pp. 949, 950; 1971, p. 902; 1973, pp. 159, 161), did not deprive her of the right to trial by jury. *Bowman v. State,* 231 Ga. 220, 221 (1) (200 SE2d 880) and cits. "[A] person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest." Code § 102-106. The defendant, in retaining her counsel, authorized him to act for her and represent her best interests in the case. Code § 4-101. His waiver of jury sentencing not only did

not injure others or affect the public interest, but it is not shown to have injured her own interest, since a jury might have fixed a harsher sentence than did the judge. If defense counsel were required to completely instruct their clients in the law and the implications of every tactical and strategic action they take in representing them in trials, the process of obtaining justice, already a tortuous and lengthy route, would be made even more tortuous and time-consuming, thereby adversely affecting the public interest. "Justice delayed is democracy denied." Robert F. Kennedy, "To Secure These Rights," The Pursuit of Justice (1964). Or, as Chief Justice Duckworth expressed it, "Justice delayed is often justice denied." *George v. American Credit Control,* 222 Ga. 512, 513 (150 SE2d 683). "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one." *Strozier v. State,* 231 Ga. 140, 141 (1) (200 SE2d 762) and cits. In that case, defense counsel stipulated to certain evidence on sentencing and the defendant himself was not permitted to repudiate the stipulation after the sentencing verdict was published. We are even less inclined to hear an objection (raised for the first time on this appeal) by the defendant's counsel to a waiver which counsel himself made, and which he now seeks to use to further delay the imposition of justice upon his client by obtaining a new trial. Such a tactic smacks of the "calculated ineffectiveness" of counsel about which we expressed apprehension in *Mingo v. State,* 133 Ga. App. 385, 386.

4. The appellant contends that she was denied the effective assistance of counsel by her attorney's failure to challenge the claimed introduction of her prior statement to the police, and by his contended unauthorized waiving of her right to jury sentencing. Neither of these actions constituted denial of effective assistance of counsel, for the reasons given in Divisions 2 and 3 hereinabove.

The judgment was not erroneous for any reason urged.

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

434

SUBMITTED NOVEMBER 7, 1974 — DECIDED
DECEMBER 2, 1974.

*Ben S. Atkins, Dorothy D. Atkins, Michael R. Schumacher,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joseph J. Drolet, Assistant District Attorneys,* for appellee.