## 51847. DOZIER v. THE STATE.

Stolz, Judge.

The defendant, tried for murder, appeals from his conviction of voluntary manslaughter.

1. Prior to closing argument, the trial judge ruled that he would not charge on involuntary manslaughter. After argument, he reversed his ruling, stating his intention to so charge, and offered defense counsel the opportunity to reopen his argument to the jury for the purpose of arguing the issue of involuntary manslaughter. Defense counsel declined this offer, asserting that the charge would be sufficient. Thereafter, the judge included an instruction as to involuntary manslaughter in his charge, to which defense counsel made no objection, either in his motion for new trial or otherwise. Under the circumstances, defense counsel waived his right to argue involuntary manslaughter, and cannot now complain for the first time in this court of the denial of such right. "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one. *Daniels v. State,* 230 Ga. 126 (2) (195 SE2d 900); *Joyner v. State,* 208 Ga. 435 (2) (167 SE2d 221). The appellant's objection was not only untimely, but contradicted the prior binding agreement of his counsel on the subject matter." *Strozier v. State,* 231 Ga. 140, 141 (1) (200 SE2d 762). See also *Boyd v. State,* 133 Ga. App. 431 (3) (211 SE2d 387).

2. The trial judge did not abuse his discretion in ruling that the following question of defense counsel in examining a prospective juror was an incorrect statement of law and in correcting the impression left thereby: "do you understand that if the state has charged a person with a particular crime, the state does not prove that particular crime, and no other crime has been charged to that person, that a person should be found not guilty of all crimes and the state would have to proceed?"

"Under an indictment for murder, the jury may find the prisoner guilty of the lesser offense of manslaughter, either voluntary or involuntary, and the verdict will be

legal, although there is no count for manslaughter in the indictment." *Reynolds v. State,* 1 Ga. 222. Moreover, " 'In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause. . .' " *Young v. State,* 131 Ga. App. 553 (2) (206 SE2d 536) and cits.; *Freeman v. State,* 132 Ga. App. 615 (208 SE2d 625) and cits.

3. The appellant raises the objection, for the first time on appeal, that the district attorney in his closing argument "testified" that the appellant had intentionally ripped the pocket of his own trousers (which were introduced in evidence by the defense) in order to substantiate his contention that the decedent had ripped the pistol out of the appellant's pocket and was accidentally killed while they were tussling over it. Even assuming that this contended error has been properly raised, and that the argument is susceptible of the construction alleged, such a deduction would have been permissible from the evidence, including the accused's testimony that he had changed his trousers after the decedent was shot. See *Vaughn v. State,* 126 Ga. App. 252, 262 (10) (190 SE2d 609) and cits.

4. The verdict and judgment were authorized by evidence that the accused and the decedent had been drinking and scuffling; that they had cursed each other, then returned to their respective apartments, thereafter to return shortly and resume their argument and physical contact; and that the accused had shot the decedent from a distance of approximately 2-3 feet after the accused told the decedent that he had told him to leave him alone. Compare *White v. State,* 129 Ga. App. 353 (1) (199 SE2d 624) and cits.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED MARCH 8, 1976 — DECIDED MARCH 19, 1976.

*Melvin Robinson,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet,*

*Carole E. Wall, Assistant District Attorneys,* for appellee.