S05A0514. GLENN v. THE STATE.
(612 SE2d 478)

CARLEY, Justice.

Early Glenn and four others were jointly indicted for several crimes, including malice murder of John Lambright and possession of a firearm during commission of a felony. Two of them pled guilty, and then testified for the State at the trial of Glenn and the remaining two co-defendants. The jury found Glenn guilty of murder and the weapons offense, for which the trial court imposed sentences of life imprisonment and a five-year term respectively. The trial court denied a motion for new trial, and Glenn appeals.[1]

1. Glenn admitted killing the victim, but contended that the homicide was an accident. "Criminal intent is a question for the jury and may be inferred from conduct before, during and after the

---

[1] The crimes were committed on February 3, 1999. The grand jury indicted Glenn and the others on June 9, 1999. The jury returned the guilty verdicts on August 6, 1999, and the trial court entered the judgments of conviction and imposed the sentences on September 9, 1999. Glenn filed a motion for new trial on September 21, 1999, which the trial court denied on December 11, 2003. Glenn filed a notice of appeal on December 22, 2003, and the case was docketed in this Court on August 9, 2004. The appeal was submitted for decision on January 17, 2005.

commission of the crime. [Cits.]" *Ward v. State*, 271 Ga. 648, 649 (1) (520 SE2d 205) (1999). The proof that Lambright was shot three times is not consistent with an accidental shooting. *Boyd v. State*, 133 Ga. App. 431 (1) (211 SE2d 387) (1974). The State also established the existence of a motive, in that Glenn believed the victim was instrumental in arranging for the co-defendants to be robbed of certain property they planned to sell to buy drugs. Immediately after the shooting, Glenn stated that "he just shot that damn boy," but did not claim that he did so accidentally. After he shot Lambright three times, Glenn did not report an accidental shooting to law enforcement or medical personnel, but instead fled the scene. *Allen v. State*, 260 Ga. 147 (1) (390 SE2d 848) (1990), overruled on other grounds, *Davis v. State*, 269 Ga. 276, 280 (3) (496 SE2d 699) (1998). When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of Glenn's guilt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Glenn urges that his trial counsel was ineffective. To prevail on this claim, he must show that the attorney performed deficiently and that such deficient performance prejudiced the defense of the case. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Trial counsel testified at the hearing on the motion for new trial, and explained the strategic decisions that he made in defending Glenn. Having heard counsel testify as to his trial tactics, the trial court found that Glenn failed to meet his burden of proving ineffectiveness. On appeal, this Court accepts the trial court's factual findings and credibility determinations, but independently applies the applicable legal principles to those facts so as to determine whether the constitutional right to effective representation was violated. *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

(a) The failure to request testing of Lambright's clothing and other evidence gathered at the crime scene is cited as an example of the attorney's deficient performance. The suggestion is that such testing would have established how far apart Glenn and the victim were when the shots were fired. However, the distance between them at the time of the shooting was not the material factor in the case. Regardless of how close they were, there was no dispute that the gun was fired three times while in Glenn's possession, and the dispositive inquiry was whether he fired the three shots intentionally or not. Counsel explained that he did not request testing because he did not know of any scientific test which would show that the gun, whether fired in close proximity to the victim or from some distance away, discharged intentionally or accidentally. Since counsel established that testing would not be a source of potentially exculpatory evidence,

he obviously was not deficient in failing to request it. See *Hinely v. State*, 275 Ga. 777, 781 (2) (b) (573 SE2d 66) (2002).

(b) In closing argument, the prosecutor asserted that Glenn was guilty of malice murder because he intentionally shot Lambright three times. Glenn contends that his defense counsel was remiss in failing to object to this argument on the ground that it lacked evidentiary support because the evidence showed that the homicide was an accident, not murder.

An attorney is entitled to argue all reasonable inferences arising from the evidence presented in the trial. *Simmons v. State*, 266 Ga. 223, 228 (6) (b) (466 SE2d 205) (1996), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). As discussed in Division 1, the evidence in this case, including the proof that the victim was shot three times, authorized a finding that the homicide was malice murder. Thus, the prosecutor was permitted to argue that the evidence showed that Glenn was guilty of that crime. See *Daniels v. State*, 276 Ga. 632, 634 (6) (580 SE2d 221) (2003). Since an objection to the argument, if made, would have been meritless, the lawyer's failure to raise it does not constitute ineffective representation.

(c) Glenn contends that an effective attorney would have sought to sever the trial from that of the two co-defendants, because their defenses were antagonistic. However, there was no dispute that Glenn fired the shots, and the only question was whether he did so intentionally or accidentally. The co-defendants did not take the stand and testify against Glenn. Through their attorneys, they admitted that they were present, but defended on the ground that they were not parties to whatever crimes were committed by Glenn. The co-defendants did not present antagonistic defenses. They simply tried to distance themselves from any criminal liability which might attach to Glenn in his capacity as the shooter.

A successful motion for severance requires a showing that a joint trial will prejudice the accused. *Green v. State*, 274 Ga. 686, 688 (2) (558 SE2d 707) (2002). Because Glenn could not show that the joint trial caused him any harm, defense counsel was not ineffective for failing to move for severance.

3. Glenn urges that the four-year delay in preparation of the transcript was a violation of due process mandating the grant of a new trial.

> "[T]he mere passage of time is not enough, without more, to constitute a denial of due process." [Cit.] . . . Unless it clearly appears that the delay in filing the transcript prevented the presentation of an adequate appeal or impaired a defense which would otherwise be available to an appellant where a new trial is ordered due to trial error, an appellant has not

suffered the prejudice which turns a transcript delay into a violation of due process of law.

*Graham v. State*, 171 Ga. App. 242, 250-251 (7) (319 SE2d 484) (1984). See also *Young v. State*, 245 Ga. App. 684, 687 (4) (538 SE2d 760) (2000).

Glenn's only assertion of prejudice relates to an investigator who testified at trial as a witness for the State. He contends that there appears to be a discrepancy between the investigator's trial testimony and his written report as to whether he spoke with Lambright at the hospital. According to Glenn, he was unable to pursue this discrepancy as a possible ground for the grant of a new trial because, in the period between trial and the preparation of the transcript, the investigator left his employment with the sheriff's department. However, Glenn did not make any effort to locate the investigator or to subpoena him, and the mere absence of this witness, "standing alone, neither prevents [Glenn] from presenting an adequate appeal or impairs a defense which would otherwise be available to him." *Spradlin v. State*, 262 Ga. App. 897, 902 (3) (587 SE2d 155) (2003). The trial court was authorized to find that Glenn failed to show that he was prejudiced by any delay in preparation of the transcript.

*Judgments affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Peter J. Flanagan*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.