300 Ga. 665
FINAL COPY

S16A1514. JOHNSON v. THE STATE.

Boggs, Justice.

Appellant Corrick D. Johnson was tried before a jury on charges of malice murder, felony murder (two counts), aggravated assault, and false imprisonment, in the death of Latresh Brown.[1] He now appeals, claiming, among other things, that the trial court erred in failing to merge the aggravated assault conviction with the murder conviction and that the court erred in its instructions to the jury. We agree with Johnson that the failure to merge was error and therefore vacate his conviction for aggravated assault.[2] The remainder of the judgment is

---

[1] The crimes occurred in June 2007. On December 7, 2007, a Terrell County grand jury indicted Johnson on charges of malice murder, felony murder (predicated on aggravated assault and false imprisonment), aggravated assault, and false imprisonment. Following an August 2008 jury trial, Johnson was found guilty on all charges. He was sentenced to life in prison for murder and given concurrent sentences for aggravated assault and false imprisonment. Johnson's motion for new trial was filed on August 19, 2008, amended by new counsel on November 3, 2014, and denied on November 5, 2015. His notice of appeal was filed on November 23, 2015. The case was docketed in this Court for the September 2016 term and submitted for a decision on the briefs.

[2] We also note that the trial court purported to "merge" the felony murder convictions with the malice murder conviction. However, the felony murder counts did not merge but were vacated by operation of law. See Southall v. State, 300 Ga. 462 n.1 (796 SE2d 261) (2017).

affirmed.

Viewed in the light most favorable to the verdict, the evidence presented at trial showed that Johnson and the victim spent two nights together at a motel. In the early morning hours after the second night, Johnson, along with his mother and brother, went to a police station and informed police that Johnson had been in an "altercation" in a motel room and "there was a body there." Officers arrived at the motel to confirm this information, and, upon entering the room, found the deceased victim naked on the floor and a large amount of blood all over the room, including the entrance door frame and door knob. Most of the bloodstains were transfer stains, meaning that blood was transferred from a person or object to another surface. One blood transfer pattern appeared to be the outline of a body with arms "[r]aised enough for the shoulders to transfer on the wall." Police also discovered drugs, a rolled up playing card, a man's shirt, condoms, and broken parts of a liquor bottle, the neck of which was covered with blood. The contents of a pocketbook were dumped on the floor.

An autopsy revealed the victim suffered numerous sharp-force injuries to her cheek, lips, forehead, collar bone, right shoulder, left shoulder, right hip, mid-back and neck (which severed her jugular vein). The medical examiner

2

testified that all of the sharp-force injuries could have been inflicted by the broken liquor bottle. He concluded that the victim's death was caused by "multiple sharp force trauma . . . with blunt force head and abdominal trauma." The victim was five feet two and a half inches tall and weighed 120 pounds.[3]

Johnson waived his rights and agreed to be interviewed by police. He had a scratch on his arm, some scratches on his left leg, and pointed to places on his neck where he claimed he was hit with a bottle. Johnson had some blood on his hand, shorts, and on the outside of his right foot. He told police that at some point, he dozed off, and when he woke up, he noticed the victim was carrying her clothes and trying to leave, but that he blocked the door. Johnson explained further that when he noticed his money was missing from his wallet, he "wanted to look at [the victim's] facial expressions. At that point, he sat down on the bed and that's . . . when she became irate and jumped up," and threw the bottle at him. Johnson stated he threw the bottle back and hit the victim in the forehead, and that she ended up with the bottle and tried to break it on the entrance to the bathroom.

---

[3] Around the time of the incident, Johnson weighed 190 pounds and was five feet nine inches tall.

1. Johnson does not challenge the sufficiency of the evidence. Nevertheless, we have independently reviewed the record and conclude that the evidence, as outlined above, was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Johnson was guilty of the crimes charged under the standard of Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Johnson argues that his conviction for aggravated assault merged with his malice murder conviction.

> OCGA § 16-1-7 (a) affords a defendant with substantive double jeopardy protection by prohibiting multiple convictions and punishments for the same offense. Drinkard v. Walker, 281 Ga. 211, 212 (636 SE2d 530) (2006). OCGA § 16-1-7 (a) (1) prohibits a defendant from being convicted of more than one crime if one crime is included in another, and aggravated assault is included in the crime of malice murder when the former is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the latter.

(Citations and punctuation omitted.) Reddings v. State, 292 Ga. 364, 366 (2) (738 SE2d 49) (2013). "Separate convictions for the malice murder and aggravated assault of a single victim may be permitted, however, where there is evidence that a 'deliberate interval' separated the infliction of an initial non-fatal injury from the infliction of a subsequent fatal injury. [Cits.]" Id. at 367 (2).

4

Here, just as in Reddings, supra, there is no evidence of an interval separating the infliction of the victim's non-fatal wounds from the infliction of the wounds that killed her. The medical examiner testified that with regard to the sharp force and blunt force injuries, he could not state "in the scheme of things, what came first, second or third." In the absence of some evidence of a "deliberate interval" between the infliction of any of the wounds the victim suffered, we must vacate Johnson's aggravated assault conviction. See id. at 367 (2); see also Schutt v. State, 292 Ga. 625, 627 (2) (740 SE2d 163) (2013) (aggravated assault conviction merged into malice murder conviction where although defendant cut victim's throat after she inflicted fatal injuries, it is not clear that there was deliberate interval between assaults).

3. Johnson contends that his false imprisonment conviction merged with his conviction for malice murder. Relying on the argument of the State in opening and closing, he asserts that the evidence showed that the victim was pinned against a wall and slashed until she died.

As explained in Division 2 above, the test for determining whether one crime is included in another, and therefore merges, is whether the conviction for one of the offenses is established by proof of the same or less than all the facts

5

required to establish the other conviction. Grissom v. State, 296 Ga. 406, 410 (1) (768 SE2d 494) (2015) (explaining "required evidence" test). "[M]alice murder requires proof of, among other things, the victim's death, a fact which is not required to support" false imprisonment; the latter requires proof that Johnson did arrest, confine, and detain the victim in violation of her personal liberty. McDonald v. State, 296 Ga. 643, 649-650 (5) (770 SE2d 6) (2015). False imprisonment therefore did not merge into malice murder here.

4. Johnson presents three claims of error in the trial court's instructions to the jury. Although he argues only that the trial court committed reversible error, he concedes in his claims of ineffective assistance that counsel failed to object in each instance; we therefore review the instructions for plain error.[4]

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error

---

[4]Johnson was tried in 2008, after the 2007 effective date of OCGA § 17-8-58, providing for plain error review of unobjected-to jury instructions.

— discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

(Citations, punctuation and emphasis omitted.) State v. Kelly, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011). But Johnson either has failed to demonstrate error, must less plain error, in the court's instructions, see Woodard v. State, 296 Ga. 803, 807 (2) (771 SE2d 362) (2015), or has failed to show that any error affected the outcome of his trial.

(a) Johnson asserts that the trial court erred in failing to inform the jury that voluntary manslaughter is a lesser included offense to felony murder and that a finding of provocation precludes a guilty verdict for felony murder. The trial court instructed the jury on voluntary manslaughter following its instruction on malice murder and before its instruction on felony murder, and explained that voluntary manslaughter is a lesser included offense of malice murder (and the verdict form listed voluntary manslaughter as a lesser included offense of only malice murder). The jury found Johnson guilty of malice murder as well as the two counts of felony murder.

Just as in McGill v. State, 263 Ga. 81 (428 SE2d 341) (1993),

[v]oluntary manslaughter was eliminated from the jury's

7

consideration by its finding that appellant was guilty of malice murder. Intent to kill is an essential element of both murder and voluntary manslaughter. Provocation, or the lack thereof, is what distinguishes the two offenses. By finding that appellant had committed the homicide with malice, the jury necessarily found that appellant had committed the homicide without the provocation sufficient to authorize a verdict of guilty of voluntary manslaughter.

(Citations, punctuation and emphasis omitted.) Id. at 83 (3). Therefore Johnson has failed to demonstrate that any error in failing to instruct the jury that voluntary manslaughter is also a lesser included offense of felony murder, affected the outcome of the proceedings.

(b) Johnson asserts that the trial court erred in giving a sequential jury instruction in violation of Edge v. State, 261 Ga. 865 (414 SE2d 463) (1992). In Edge, this Court held that a charge is improperly sequential if it requires "the jury to consider voluntary manslaughter *only* if it has considered and found the defendant not guilty of malice murder and felony murder." (Emphasis in original.) Id. at 867 (2). But here, the trial court instructed the jury:

If, after listening to the evidence, you find and believe beyond a reasonable doubt that the defendant committed the offense of malice murder, then you would simply put an X by guilty and then consider the other offenses as they are applicable on this verdict form. If, however, you believe there's a reasonable doubt as to his guilt, then you would check not guilty, or, if after considering the evidence, you believe that the defendant committed the offense of

8

voluntary manslaughter as I gave you the charge, then you would consider the offense of voluntary manslaughter as a lesser included offense . . . .

And the verdict form is consistent with this instruction — providing that the jury could find Johnson guilty of malice murder *or* voluntary manslaughter (or felony murder). See Cloud v. State, 290 Ga. 193, 196-197 (3) (719 SE2d 477) (2011) (jury clearly understood it could consider voluntary manslaughter as an alternative to murder charges). In any event, as explained in Division 4 (a) above, Johnson has failed to demonstrate that any error affected the outcome of the proceedings.

(c) Johnson argues that the trial court erred in failing to instruct the jury that while mutual combat would prohibit a finding of self-defense, it would support a finding of voluntary manslaughter by provocation. But "[a] charge on mutual combat generally is proper when there is evidence of a mutual intention or agreement to fight." (Citation and punctuation omitted.) Pulley v. State, 291 Ga. 330, 334 (3) (729 SE2d 338) (2012). There is no evidence here that Johnson and the victim mutually agreed to fight, and evidence of an argument over money that turned violent is not sufficient to show mutual combat. See Carruth v. State, 290 Ga. 342, 348-349 (6) (721 SE2d 80) (2012) (charge on mutual

9

combat not adjusted to evidence when evidence showed either unprovoked fist fight or ambush and attack by defendant).

5. Johnson contends that his trial counsel was ineffective in failing to object to the trial court's instructions to the jury on the grounds presented in Division 4, and that the cumulative effect of counsel's errors was so prejudicial to his trial as to require reversal of his convictions. But as explained above, there was either no error in the court's instructions or any alleged error did not affect the outcome of the trial, so Johnson cannot succeed on his claims of ineffective assistance. See Johnson v. State, 295 Ga. 615, 619 (3) (a) (759 SE2d 837) (2014). Likewise, he cannot succeed on his claim that counsel's cumulative errors deprived him of a fair trial. See Smith v. State, 288 Ga. 348, 354 (8) (j) (703 SE2d 629) (2010).

6. Finally, Johnson asserts that his conviction for false imprisonment must be reversed because the indictment was insufficient to state a crime because it quoted only the statutory language without informing him of how he allegedly committed the crime. However, his "failure to file [a] special demurrer seeking additional information before pleading not guilty to the indictment constitutes a waiver of his right to be tried on a perfect indictment. [Cits.]" Stinson v. State,

10

279 Ga. 177, 180 (2) (611 SE2d 52) (2005).

Judgment affirmed in part and vacated in part. All the Justices concur.

Decided March 6, 2017.

Murder. Terrell Superior Court. Before Judge Bishop.

Richard Parker, for appellant.

T. Craig Earnest, District Attorney, Ronald S. Smith, Assistant District Attorney; Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Scott O. Teague, Assistant Attorney General, for appellee.