302 Ga. 816
FINAL COPY

S17A1872. GREEN v. THE STATE.

BOGGS, Justice.

Appellant Neddrick Green was charged along with Jeremy Reynolds, Jr. and Allen Williams for the malice murder of Barry Bullard.[1] Green and Reynolds (who was also charged with possession of cocaine) were tried together and found guilty. Green now appeals, asserting that he received ineffective assistance of counsel. For the following reasons, we affirm.

Viewed in the light most favorable to the verdict, the evidence at trial showed the following. The victim, Green, and Williams were friends who grew up together, and Reynolds "had just started hanging with" the three of them. At some point, the victim and Williams had had an argument or "a beef" because

---

[1] The crime occurred on July 30, 2008. On September 8, 2008, a Tift County grand jury indicted Green for malice murder. Following a November 2010 trial, a jury found Green guilty, and he was sentenced to life in prison. His motion for new trial was filed on November 26, 2010, amended by new counsel on September 9, 2014, and denied on June 16, 2015. His notice of appeal was filed on June 17, 2015. This case was docketed in this Court for the August 2017 term and submitted for a decision on the briefs.

Williams believed the victim had stolen a gun from him. On July 30, 2008, Williams repeatedly drove by the victim's home with a frown on his face. As a witness explained, Williams "was riding through mugging or whatever." The victim's friend knocked on the victim's door to tell him that Williams was driving by his home "mean mugging." The victim came outside with a "big gun" and kept it at his side.

At some point, Williams parked his car across the street from the victim's apartment. Green, who was riding in the back seat of Williams's car, got out and retrieved a "long gun." Green got back in the car and the men drove up to the victim's apartment, got out holding guns, and approached the victim. Green and Williams exchanged words with the victim and his friend while Reynolds was leaning against the hood of a car. Williams and Green then began punching the victim in the face while attempting to take his gun. The victim responded by telling the men to "chill." As Williams and Green began to walk off, Reynolds walked up to the victim and shot him in the face. The victim fell but got up and exchanged gunfire with the three men, but died shortly thereafter.

1. Green does not challenge the sufficiency of the evidence to sustain his conviction. Nevertheless, as is this Court's practice in murder cases, we have

reviewed the evidence summarized above and conclude that it was sufficient to authorize a rational jury to find Green guilty beyond a reasonable doubt as a party to the crime of malice murder. Jackson v. Virginia, 443 U. S. 307, 319 (99 SCt 2781, 61 LE2d 560) (1979); OCGA § 16-2-20 (defining parties to a crime).

2. Green argues that he was denied his right under the Constitution to effective assistance of counsel. To succeed on a claim that counsel was constitutionally ineffective, Green must show both that his attorney's performance was deficient, and that he was prejudiced as a result. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). Under the first prong of this test, counsel's performance will be found deficient only if it was objectively unreasonable under the circumstances and in light of prevailing professional norms. Id. at 688-690 (III) (A). And under the second prong, prejudice is demonstrated only where there is a reasonable probability that, absent counsel's errors, the result of the trial would have been different. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Id. at 694 (III) (B). "Failure to satisfy either prong of the Strickland test is sufficient to defeat a claim of ineffective assistance, and it is not incumbent upon this Court to examine the other prong." (Citation and

3

punctuation omitted.) Smith v. State, 296 Ga. 731, 733 (2) (770 SE2d 610) (2015). And "although both the performance and prejudice components of an ineffectiveness inquiry involve mixed questions of law and fact, a trial court's factual findings made in the course of deciding an ineffective assistance of counsel claim will be affirmed by the reviewing court unless clearly erroneous." (Citation omitted.) Id.

(a) Green asserts that although it may have run counter to trial counsel's principal trial strategy that he was present but not a party to the crime, counsel should have pursued instructions on mutual combat or self-defense because "[i]t is permissible to rely upon two seemingly inconsistent defenses."

"To authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law. It is not error to refuse a justification charge where there is no evidence to support it." (Citations and punctuation omitted.) Hicks v. State, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010). Green argues that evidence of "bad blood" between the parties, evidence that the building behind him was "shot up" during the fight, and evidence that the victim was carrying a gun, show that mutual combat

4

applies here. But "(a) charge on mutual combat generally is proper when there is evidence of a mutual intention or agreement to fight." (Citation and punctuation omitted.) Johnson v. State, 300 Ga. 665, 669 (4) (c) (797 SE2d 903) (2017). There is no evidence that the victim had an intention to fight Green. Rather the evidence showed that the "beef" was between the victim and Williams, that the victim came out with the gun after being told that Williams was driving by his home, but kept it by his side and did not attempt to use it even while Williams and Green punched him in the face, and that the victim exchanged gunfire with Green, Williams, and Reynolds only after being shot. See Carruth v. State, 290 Ga. 342, 348-349 (6) (721 SE2d 80) (2012) (charge on mutual combat not authorized by the evidence showing either unprovoked fist fight or ambush by defendant).[2]

Because trial counsel could not render ineffective assistance for failing to request charges that would not have been adjusted to the evidence, Green has failed to make the necessary showing to establish constitutionally ineffective assistance of counsel.

---

[2] Green presents no argument regarding his claim that he acted in self-defense, and we have found no evidence to support a jury instruction on that theory.

(b) Green asserts that trial counsel was ineffective in failing to seek severance of his trial from that of his co-defendant Reynolds. [3] "Whether to seek severance is a matter of trial strategy, and in the absence of evidence to the contrary, counsel's decisions are presumed to be strategic and thus insufficient to support an ineffective assistance of counsel claim." (Citations and punctuation omitted.) Lupoe v. State, 300 Ga. 233, 241 (2) (c) (794 SE2d 67) (2016); see also OCGA § 17-8-4 (procedure for jointly indicted defendants). Moreover, if severance had been requested, Green would have had the "burden of making a clear showing of prejudice and a denial of due process in the absence of severance." (Citation and punctuation omitted.) Adkins v. State, 279 Ga. 424, 426 (3) (614 SE2d 67) (2005).

Green asserts that it was not possible for the jury to separate the facts because the evidence against Reynolds was stronger as it showed Reynolds had the gun used to kill the victim and was facing an additional charge — possession of cocaine. But "the mere fact that the case against one defendant

---

[3] Trial counsel was deceased at the time of the hearing on the motion for new trial. However, "[e]ven where, as here, trial counsel is no longer available to testify regarding the manner in which he conducted appellant's defense at trial, appellant must still overcome this presumption." Jones v. State, 296 Ga. 561, 564 (2) (769 SE2d 307) (2015).

was stronger than the case against the other does not necessitate a separate trial." (Citations and punctuation omitted.) <u>Moon v. State</u>, 288 Ga. 508, 510 (2) (705 SE2d 649) (2011). Green points to no evidence with regard to the murder that would have been excluded had his severance motion been granted and he were tried alone. <u>Butler v. State</u>, 290 Ga. 412, 413 (2) (721 SE2d 876) (2012). He "was being tried under the theory that he was a party to the crime[ ] and there was ample evidence to show that he was a party to the crime[ ]. Where, as here, there is sufficient evidence of a 'common scheme or plan' to commit . . . [a] criminal offense[ ], joinder is authorized and severance is not mandatory." (Citations and punctuation omitted.) Id. at 414 (2).

The evidence of Reynolds' drug possession clearly did not directly implicate Green as the evidence showed that the drugs were found in a plastic bag in Reynolds' mouth. Although the trial court did not specifically instruct the jury that the possession evidence "could be considered only against" Reynolds, see <u>Billings v. State</u>, 293 Ga. 99, 106 (6) (745 SE2d 583) (2013), the court made it clear to the jury that "Mr. Reynolds and only Mr. Reynolds" was charged with possession of cocaine.

Trial counsel's decision not to seek severance is presumed strategic. Even

7

if counsel had filed a motion to sever, the court would not have abused its discretion in denying the motion as Green would not have been able to show prejudice from the joint trial. See Lupoe, supra, 300 Ga. at 242-243 (2) (c); Glenn v. State, 279 Ga. 277, 279 (2) (c) (612 SE2d 478) (2005) (because defendant could not show joint trial caused him harm, defense counsel not ineffective for failing to move for severance). Green's ineffective assistance of counsel claim on this ground therefore fails.

Judgment affirmed.  All the Justices concur.

Decided January 29, 2018.

Murder. Tift Superior Court. Before Judge Cross.

Conger & Smith, Gregory D. Smith, for appellant.

C. Paul Bowden, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew D. O'Brien, Assistant Attorney General, for appellee.